JOHN WATSON, PLAINTIFF IN ERROR, VS. SEAT & CRAWFORD, DEFENDANTS IN ERROR

A defendant against whom a default has been taken for want of a plea is not absolutely out of Court, but still retains the right to appear upon an inquest of damages, to cross-examine the plaintiff's witnesses, to introduce evidence in mitigation of damages and to address the jury thereupon.

This case was decided at Tampa.

Appeal from the Circuit Court of Hillsborough county.

The opinion of the Court contains a statement of the facts of the case, to which reference is made.

*S. St. George Rogers* for appellant.

*Gettis*, *Magbee* and *Hart* for appellees.

PEARSON, J., delivered the opinion of the Court.

This was an action of trespass, brought by the defendants in error against the plaintiff in error for the seizure and taking of a quantity of lumber and timber at their

saw-mill, near Tampa, and comes up by writ of error from the Circuit Court of Hillsborough county. It appears from the record, that the declaration was filed to the fall term of 1855. There was at that time an appearance filed for the defendant below. A default for want of a plea was taken at the spring term of 1856, which, upon motion, was opened and the defendant granted further time to plead until the 1st of July succeeding.

At the fall term of 1856, the parties appearing by their counsel, another default, as before, for want of a plea was taken, on motion of plaintiff's counsel, and a writ of enquiry awarded. The defendant then claimed the right to be heard upon the enquiry as to the amount of damages, to cross-interrogate witnesses and to argue the case before the jury, which motion was denied by the Court, and it was ruled, " that defendant is out of Court by reason of his default, and cannot be further heard in the cause." To which ruling the defendant's counsel then and there excepted, and thereupon brings his writ of error. The single question here presented is in regard to the correctness of the ruling of the Court below in reference to the defendant's right after default to be heard upon the execution of a writ of enquiry as to the amount of damages sustained. The universal practice of our Circuit Courts has been, so far as we know, contrary to the rule laid down by the Court below in this case, and this point of practice does not appear to have been heretofore made before this Court for the reason, perhaps, that the rule prevailing in the Circuit Court has been so generally acquiesced in, and we think such practice consonant with reason, justice and law. The rule in chancery is, that whatsoever is well pleaded in the bill and not denied in the answer is taken and admitted. This rule, with a change of terms only, it may be

25

said, obtains at law. A defendant appearing and failing to plead admits the cause of action, as stated in the plaintiff's declaration, and the plaintiff's right to recover thereupon, but nothing more. Our statute (see Thomp.'s Dig., p. 347, chap. 5, sec. 1,) enacts, that in such cases, provided the action be upon a liquidated demand, the Court may direct the Clerk to assess the damages; but, when it is necessary that testimony should be adduced to ascertain and fix the amount of damages, a writ of enquiry shall be awarded. This being a case sounding in damages, the writ was properly awarded in accordance with the provision of the statute. In this state of the case, the defendant cannot be said to be absolutely out of Court. He is necessarily still before the Court, and may, of course, contest all matters attending his rights not concluded by his default. When he is summoned to plead to the action, he stands mute, and thereby confesses the plaintiff's cause of action and right of recovery; but when a motion is made to assess the amount of the plaintiff's damages, he replies and claims the right to contest that question. An ingenious and very clear illustration of this distinction was well put in the argument at bar. The case was supposed of a lessee for a year of a close, containing a valuable and productive orchard of fruit trees, bringing the action of trespass against his landlord; the landlord suffering a default whereby he admits the trespass; upon the enquiry of damages offers to prove title to the close in himself, so that, if the orchard had been destroyed by the trespass the plaintiff's damages would be reduced from the whole amount of injury to the free-hold to the separate and single value of the plaintiff's interest in his unexpired term. And yet this matter, though unquestionably admissible in mitigation of damages, would not, if pleaded, have been a bar to the action. The authorities go to the fact that whatever would have

been a bar to the action itself cannot be given in evidence in mitigation of damages; and these decisions would seem by implication to concede that such matters as were not in bar might be adduced in mitigation.—10 Wendell, 378; 3 Gill & Johnson, 247; Tidd's Practice, 580. Such has long been the English law on the subject.—See 3 Chitty's Gen. Prac., 673; Tidd's Prac, 580–'1.

The whole doctrine is so fully laid down in Archbold's Practice, 2 vol., p. 25, that it seems needless to go further than cite his valuable work. He says, that the plaintiff's counsel is bound to give notice to the opposite party of the execution of a writ of enquiry at the peril of losing his costs, and further, that " all the *plaintiff has to prove or the defendant is permitted to controvert is the amount of damages*." Thus it seems that the practice of the common law Courts is well settled on this question. It is one of frequent occurrence and much importance with us, and we trust that this decision may have the effect of rendering definite and uniform the practice of our Circuit Courts in this respect. The several cases cited in argument from the reports of our own Court relate to the effect of abstract instruction, not calculated to mislead the jury, and to the manner in which the subject matter of exception should be made a part of the record, to which we are confined in our review of the case by the bill of exceptions, and do not, as it appears to us, touch the question under consideration. Nor do we consider it possible for the appellant, after the Judge below ruled him out of Court and decided that he had no right to appear for any purpose, upon the execution of the writ of enquiry, to have supervised that proceeding and excepted at each successive stage of it. His writ of error is founded upon the denial of his right, and he cannot be prejudiced for failing to exercise the very privilege which the Court had refused to allow him

and which by his writ of error here he seeks to obtain. If a like course had been or even adopted in the case of an ordinary trial, the objection would apply with equal force.

Let the judgment be reversed, and the cause remanded for further proceedings not inconsistent with this opinion.