PER CURIAM.
This is an appeal from an adverse judgment on a counterclaim, by the plaintiffs below as counter-defendants. The counterclaim sought damages for a breach of contract for sale of certain corporate stock. The contentions raised on the appeal are that the trial court erred in refusing to vacate a default entered against the counter-defendants, and committed certain errors in the course of the trial on damages.
In pleading to the counterclaim the counter-defendants filed a motion to dismiss. Their motion was denied and they were ordered to file their reply to the counterclaim within 10 days. No reply was filed within the time allowed. Several days after the 10-day period elapsed, the counter-defendants filed a motion to strike the counterclaim. Thereupon the counter-plaintiffs moved for and were granted a default. The counter-defendants moved to set aside the default. Denial of that motion is assigned as error. That ruling of the trial court was not error. No gross abuse of discretion was shown. See North Shore Hospital, Inc. v. Barber, Fla. 1962, 143 So.2d 849.
The other contention of the appellants is well founded and is such as to require reversal and a new trial on damages. Following entry of the default a trial was had on issues relating to damages, in which the market value of the stock was a material factor. The trial court accepted as conclusively establishing such value the net worth of the corporation as disclosed by a balance sheet. The trial court also ruled that the counter-defendants were not entitled to offer evidence of value of the stock or be heard on the damage issue. Those rulings of the trial court were in error, and appellees in their brief conceded that evidence of value other than book value was relevant and admissible to show the market value, and also conceded that the counter-defendants were entitled to participate in the trial of the issues on damages notwithstanding the default. See Watson v. Seat and Crawford, 8 Fla. 446; Moore v. Boyd, Fla.1952, 62 So.2d 427; Pan American World Airways, Inc. v. Gregory, Fla.App.1957, 96 So.2d 669; Kurkjian v. Fish Carburetor Corp., Fla. App.1962, 145 So.2d 523.
Accordingly the judgment is reversed and the cause is remanded for a new trial on the counterclaim on damages.