HOBSON, Justice (Ret.)
In this Workmen’s Compensation case petitioners seek a writ of certiorari directed to the Florida Industrial Commission. They pray for an order granting the writ and quashing the order of the said Commission dated July 28th, 1964.
In said order, the full Commission ruled only upon an interlocutory order previously rendered by the Deputy Commissioner. In other words, the .order of the full Commission sought herein to be reviewed did not finally dispose of the claim filed by Vernon E. Brown.
The writ of certiorari which petitioners request this Court to grant, as everyone knows, is not a common law.writ of cer-tiorari but is statutory in character. We have searched in vain for any warrant in Chapter 440, Florida Statutes, F.S.A., which authorizes the Supreme Court of Florida to review by petition for a writ of certiorari an order of the full Commission which is not a final order either approving or disapproving a compensation order making an award or rejecting the claim.
It thus appears quite clearly that this Court does not have jurisdiction to issue the writ of certiorari for which petitioners have prayed.
Before disposing of this matter we deem it advisable to observe that although the full Commission did review in the instant case[1] the interlocutory order entered by the Deputy, we do not find in Chapter 440, Florida Statutes, F.S.A., any authority for review by that body of such an order.
Section 440.25(3) (c) reads: “The order rejecting the claim or making an award (■referred to in this chapter as a compensation order) shall set forth a statement of the findings of fact and other matters pertinent to the questions at issue and shall be filed in the office of the commission at Tallahassee. * * *(Italics supplied.) We quote again from Section 440.25(4) (a) : “The-compensation order rendered by the deputy-commissioner shall become final twenty days after the date copies of same are mailed to the parties at the last known address of each, unless within said time any interested party shall make and file with the commission or a deputy commissioner an application for a review thereof by the full commission in accordance with the provi-' sions of this Subsection; •* * * ”, (Italics supplied.) Then again in the same subsection under (4) (d), we find reference to the compensation order which may be reviewed and which is clearly defined in Section 440.-25(3) (c); the language to which we refer is: “Unless the application for review is withdrawn with its permission or is dismissed as aforesaid, the commission shall consider the matter upon the record as certified by'the deputy commissioner, and shall. *15 thereafter affirm, reverse or modify said compensation order, or remand the claim for further proceedings before a deputy commissioner, who shall proceed as the full commission may direct. * * * ” (Italics supplied.)
We turn now to Section 440.27(1) : “Orders of the full commission entered pursuant to § 44025 shall be subject to review only by petition for writ of certiorari to the supreme court. * * * ” (Italics supplied.) This is the only statutory provision for review by the Supreme Court of orders entered by the Commission. Section 440.25 does not authorize the commission to review interlocutory orders rendered by a deputy commissioner. Consequently, regardless of the power or right otherwise of the Commission, if any, to review such interlocutory orders, it is crystal clear that the Supreme Court is not clothed with authority to review upon petition for a writ of cer-tiorari an order of the Commission affirming- or reversing an interlocutory order •fashioned by a deputy.
If this Court were authorized to issue the requested statutory writ of cer-tiorari it is indeed doubtful that we could answer the real question attempted to be presented. Petitioners challenge the reason .given by the Commission for its order rather than the correctness of such order, which was one affirming the interlocutory order entered by the deputy. It is apodictic that ■upon review of any oppugned order an appellate court is interested only in the question; whether the order is proper and correct, and is not bound by the reason.or r.ea-■sons which might have motivated the judi■cial or quasi-judicial officer or officers who rendered such order.
We appreciate the earnest and sincere de.sire of the employer and carrier in this case, and perhaps that of all employers and carriers, to have Florida’s court of last resort determine the correctness of the reason given by the Commission for the entry of •the order herein assailed. Their plight-, if such it be, can only be alleviated by legislative action — not by judicial fiat
The petition for writ of certiorari filed herein should be and is hereby denied.
It is so ordered.
DREW, C. J., and THOMAS, THOR-NAL and O’CONNELL, JJ., concur.

. It appears upon the face of the order of the Commission in this case that it right have reviewed interlocutory orders in prior instances. Woodruff v. Wometco Enterprises, Inc., Decision #2-1141 and Dickinson v. Ft. Lauderdale Lincoln-Mercury, Decision #2-1348.