327 So.2d 110 (1976)
The FLORIDA NATIONAL BANK AT GAINESVILLE, Appellant,
v.
ALFRED AND ANN GOLDSTEIN FOUNDATION, INC., a New York Corporation, Appellee.
No. Y-531.
District Court of Appeal of Florida, First District.
February 10, 1976.
Rehearing Denied March 11, 1976.
*111 Fred H. Kent, Jr., of Kent, Sears, Durden & Kent, Jacksonville, for appellant.
Henry L. Gray, Jr., of Chandler, O'Neal, Avera, Gray, Lang & Stripling, Gainesville, and J. Lewis Hall, Jr., of Hall & Booth, Tallahassee, for appellee.
BOYER, Chief Judge.
Appellant issued an irrevocable letter of credit which was dishonored upon presentation. Appellee filed suit seeking damages including attorneys' fees. The learned trial judge entered a summary final judgment in favor of appellee holding that F.S. 675.115 and F.S. 672.710 afforded a basis for the award of attorneys' fees although no provision therefor is found in the letter of credit the dishonor of which resulted in the litigation. The sole point on this appeal is the propriety of that holding. The amount of the attorneys' fees awarded is not in controversy.
The right to recover attorneys' fees as part of costs did not exist at common law. (Codomo v. Emanuel, Sup.Ct. Fla. 1956, 91 So.2d 653) Attorneys' fees may not be taxed as costs unless provided for by statute or contract. (Shavers v. Duval County, Sup.Ct.Fla. 1954, 73 So.2d 684) The award of attorneys' fees being in derogation of the common law, any statute providing for an award thereof must be strictly construed. (Great American Indemnity Company v. Williams, Sup.Ct. Fla. 1956, 85 So.2d 619; Gullette v. Ochoa, Fla.App.1st, 1958, 104 So.2d 799) However, in appropriate cases attorneys' fees may constitute an element of recoverable damages. (Glusman v. Lieberman, Fla.App.4th, 1973, 285 So.2d 29, and cases therein cited).
Construing F.S. 675.115 and F.S. 672.710 in the light of the facts of this case and in the light of F.S. 671.103 and F.S. 671.106(1), we hold that those statutes were not intended to afford a vehicle for the award of attorneys' fees either as costs nor as "commercially reasonable charges, expenses or commissions". (See Neri v. Retail Marine Corporation, 30 N.Y.2d 393, 334 N.Y.S.2d 165, 285 N.E.2d 311).
Accordingly, that portion of the summary final judgment here appealed by which attorneys' fees were fixed and awarded to appellee is reversed.
RAWLS and McCORD, JJ., concur.