HENDRY, Judge.
This appeal arises out of a suit brought by appellants against appellees for personal injuries sustained by appellant, Gilberto Garcia, when an automobile which he was driving was struck by an automobile owned by Diane D. Brodit while being driven by appellee, Frank J. Delsardo.
Delsardo was covered by automobile liability insurance issued by Industrial Fire *1250 and Casualty Insurance Company to Brodit. In the complaint against Delsardo, Brodit and Industrial it was alleged, inter alia, that Delsardo’s negligence was the cause of the collision and injuries; that the action was not barred by the Florida Reparations Act by reason of permanency of the injury and over One Thousand Dollars ($1,000.00) in medical expenses.
Delsardo and Industrial filed an answer and demand for jury trial. Brodit was not served so she never became a party to the action. The answers denied Garcia had permanent injuries or medical expenses in excess of One Thousand Dollars ($1,000.00). Delsardo’s pleadings were stricken and a default entered against him for failure to comply with the trial court’s orders related to discovery. No default was entered against Industrial. The cause was tried by a jury on damages. Garcia presented evidence on the issues of permanency of the injuries and the reasonableness and necessity of the medical expenses. At the close of the evidence Delsardo and Industrial moved for a directed verdict on the ground that Garcia had failed to prove that his injuries were permanent. Their motions were denied. Thereupon Garcia moved for a directed verdict on the issue of liability based on Industrial’s admission of liability and the default against Delsardo. The motion was granted and the jury instructed to find that Delsardo was negligent and that such negligence was the proximate cause of Garcia’s damages. The court also gave a “no fault” instruction to the jury over Garcia’s objection. The court instructed the jury that the appellant/plaintiff could not recover unless he proved that the injuries were permanent or that he had more than One Thousand Dollars ($1,000.00) in medical expenses. The jury found that Garcia did not prove the no fault threshold or permanent injuries. Pursuant thereto a final judgment was entered in favor of Delsardo and Industrial and against Garcia. It is from this final judgment that Garcia appeals.
Appellant seeks reversal of the adverse judgment primarily upon the ground that the trial court erred in instructing the jury as to the no fault law when a default judgment had been entered against the insured.
After careful review of the record, the briefs and the applicable law on the issue, we have determined that no error has been demonstrated. While it is true that' the trial court entered a default against the insured as a discovery sanction, said default was related to the issue of liability. That is, the insured-defendant was deemed to have admitted all liability allegations against him by virtue of the default, but nothing was admitted regarding the unliq-uidated damages. See, Eastern Koex Company, Ltd. v. Bonanza Import and Export, Inc., 360 So.2d 153 (Fla. 3d DCA 1978); ■Robbins v. Thompson, 291 So.2d 225 (Fla. 4th DCA 1974); 19 Fla.Jur., Judgments and Decrees, Sections 307 et seq. In Calhoun v. New Hampshire Insurance Company, 354 So.2d 882 (Fla.1978), our Supreme Court stated that the threshold requirement of the no-fault law is no different than the dollar threshold requirenent for submission of a claim to the circuit rather than the county court. Thus, the threshold amount (the proof of it or lack thereof) goes to the issue of damages, not liability. Since the default entered against Delsardo could not have been considered to have worked as an admission of the damage allegations, both Delsardo and Industrial Fire and Casualty Insurance Company were properly permitted to contest at trial the questions of the threshold amount and the permanency of the injury requirement, as related to damages. See, Section 627.737 Florida Statutes (1975).
The judgment appealed is hereby affirmed.
Affirmed.