SCHEB, Chief Judge.
Michael J. and Margaret A. Kinney challenge a final judgment awarding Allied Home Builders, Inc., an equitable lien on undisbursed mortgage loan proceeds.
Dr. and Mrs. Kinney contracted with Allied to build them a residence on their land. The Kinneys obtained their construction financing from Coast Federal Savings & Loan Association. During construction a dispute arose between Allied and the Kin-neys over “extra charges.” As a result, the Kinneys refused to authorize Coast Federal to pay Allied the final draw on the loan proceeds. Allied then filed a claim of lien against their property, and the Kinneys, in turn, filed a suit against Allied contending that its claim of lien was a willfully exaggerated one. Allied answered the complaint, but it did not seek any affirmative relief against the Kinneys, their land or the undisbursed loan proceeds remaining with Coast Federal. The litigation terminated with a final judgment in favor of Allied. Subsequently, Allied filed a new suit seeking to foreclose its claim of lien. The court entered a summary final judgment in favor of the Kinneys in the second suit on the ground that Allied’s failure to have filed a counterclaim in the initial litigation barred it from recovery against the Kinneys.
Allied next proceeded to file the present suit seeking an equitable lien on the remaining undisbursed loan proceeds. The court awarded Allied a judgment and directed that the undisbursed sums, then deposited in the registry of the court, be paid to Allied. This appeal by the Kinneys ensued.
Although Allied sought in this litigation to impose an equitable lien on the construction loan proceeds,[1] the Kinneys urge that in reality Allied’s claim is an action for sums due under the construction contract. Consequently, they argue, Allied’s claim is barred as it was the subject of a compulsory counterclaim in the exaggerated lien-claim action. Allied, on the other hand, contends that the gist of its action is to reach the loan proceeds disbursed under a separate agreement.[2] This present litigation, Allied says, concerns Coast Federal’s security interest and involves issues unrelated to those in the ini *442 tial action. Further, it points out that Coast Federal was not a party in the litigation between it and the Kinneys. Thus, Allied argues that its attempt to enforce an equitable lien against the construction loan proceeds was not a compulsory counterclaim in the prior litigation. We agree with the Kinneys and reverse.
Florida Rule of Civil Procedure 1.170(a) states:
(a) Compulsory Counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, provided it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction ....
A compulsory counterclaim arises from the transaction or occurrence that is the subject matter of the opposing party’s cause of action. Unless filed in that action it will be waived and any subsequent action based on it will be barred. Lawyers Title Insurance Corp. v. Little River Bank & Trust Co., 228 So.2d 412 (Fla.3d DCA 1969), cert. discharged, 238 So.2d 846 (Fla.1970).
Counsel has not cited any Florida cases directly in point and our research fails to reveal any. However, courts and the textwriters tend to take a liberal view toward Federal Rule of Civil Procedure 13(a), the prototype of Rule 1.170(a), in determining whether a counterclaim is compulsory. The basic rationale, of course, is to avoid a multiplicity of suits. 3 Moore’s Federal Practice, ¶ 13.13 (1980), 6 C. Wright & A. Miller, Federal Practice and Procedure, § 1410 (1971).
The fundamental question here is whether Allied’s claim against the undisbursed proceeds from the construction loan arose out of the transaction originally litigated between the Kinneys and Allied in respect to the construction of their home. As the Kinneys note, the facts pled in the instant suit concern matters that were existing at the time of the original litigation, except for the fact that the undisbursed lien proceeds have since been interpleaded. The contest is simply one between the Kinneys and Allied, and ultimately the funds in dispute will be paid either to the Kinneys, as borrowers, or to Allied, as their builder. Even though Allied argues that this controversy involves a security interest of Coast Federal, no one suggests that Coast Federal, as mortgagee, would have any entitlement to these proceeds.
Further, there is no merit to the contention that the counterclaim was not compulsory because Coast Federal was not a party defendant in the prior litigation. Coast Federal is a financial institution within the jurisdiction of the trial court. Rule 1.170(a) states that a claim is compulsory so long as it “does not require for its adjudication the presence of third parties over which the court cannot acquire jurisdiction.” This clearly implies that where, as here, jurisdiction could have been obtained over Coast Federal, Allied’s failure to join it as a party does not excuse it from the requirement of having failed to assert its claim in the initial litigation between the parties. See 6 C. Wright & A. Miller, Federal Practice and Procedure, § 1411 (1971).
Accordingly, we vacate the judgment in favor of Allied and remand to the trial court with directions to enter judgment in favor of the Kinneys.
REVERSED.
GRIMES and RYDER, JJ., concur.

. We address only the issue presented by Count VIII, as all other issues have been adjudicated in favor of the Kinneys.

. Coast Federal disclaimed any interest in the remaining construction loan funds and after paying those funds into the registry of the court was dismissed as a defendant in this suit.