403 So.2d 423 (1981)
Grover E. HARLESS, et al., Petitioners,
v.
Bonita KUHN, etc., Respondents.
No. 60051.
Supreme Court of Florida.
July 30, 1981.
Rehearing Denied October 5, 1981.
Joseph S. Kashi of Grimmett, Conrad, Scherer & James, Fort Lauderdale, for petitioners.
Joel Miller of Miller & Squire, Fort Lauderdale, for respondents.
McDONALD, Justice.
After reversing a judgment predicated upon the plaintiffs' being found eighty percent *424 negligent in an accident case and directing the entry of a judgment for the entire amount of damages found by the jury,[1] the Fourth District Court of Appeal certified the following question to this Court.[2]
Does the entry of a default against a defendant for violation of discovery orders in a negligence action preclude that defendant from reducing the amount of his liability by proof of the plaintiff's comparative negligence?
We respond to the question by stating that the answer lies in the sound judicial discretion of the trial judge imposing the sanction as evidenced by his orders and how he interpreted and acted upon those orders as shown by his own actions and rulings. In this case the district court erred in modifying the judgment entered by the trial judge.
Anderson and his natural guardian, Kuhn, brought suit against Harless and Travelers Insurance Company for damages arising out of a pedestrian-auto accident. Harless, served by process delivered to his wife, filed an answer. Travelers was served and by separate counsel filed an answer containing an affirmative defense.[3] Harless' original counsel withdrew on the ground of "lack of cooperation." Counsel supplied by Travelers entered an appearance for Harless and filed an amended answer for Harless raising the affirmative defense of comparative negligence. This counsel never met Harless and did not know him or his whereabouts. When interrogatories and notice of deposition were served on Harless' counsel of record, Harless failed to respond. Kuhn then sought the imposition of sanctions against Harless pursuant to Florida Rule of Civil Procedure 1.380. The trial judge entered an order directing Harless to appear for a subsequently scheduled deposition; when Harless failed to comply, the court entered an order stating "a default is hereby entered against Grover E. Harless." He also taxed costs and attorney fees. Harless' counsel of record then withdrew.
The cause came on for pre-trial conference against Harless and Travelers. Since Travelers had suffered no default, the trial judge announced that the issues would be negligence, comparative negligence, and damages. The parties exchanged witness lists on these issues. The trial judge suggested to Kuhn's counsel that if Travelers were not a party damages would be the only issue. On the morning of trial Kuhn moved to dismiss Travelers, which motion was granted. Travelers' counsel of record moved to enter an appearance and defend Harless on the remaining issues.[4] The trial judge also granted this motion. A conference then ensued in which the trial judge announced that Kuhn need only present damages and that the defendant could present comparative negligence. The trial judge indicated that he felt comparative negligence went to damages and that decisions of this Court mandated presentation of that issue.
After presenting his case in chief, Kuhn's counsel urged the trial judge to reconsider his order allowing the issue of comparative negligence. In doing so he urged that Harless, as opposed to Travelers, had furnished no witness list and should not be allowed to call any witnesses. Defense counsel responded by discussing fair play and urged, in effect, that the sanctions sought by Kuhn for this type of default under these circumstances were too harsh. After argument the court overruled Kuhn's objection and denied Kuhn's motion to exclude. The trial judge charged the jury on comparative negligence and damages. The jury found Anderson eighty percent negligent, and the *425 judge entered a judgment for twenty percent of his damages.
When a default is entered for failure to plead, a party has the right to contest damages caused by his wrong but no other issue. Watson v. Seat & Crawford, 8 Fla. 446 (1859). No presentation of comparable fault would be proper. In this case, however, the record discloses that the trial judge exercised his discretion as to the severity of the sanctions imposed for failure to make discovery. Rule 1.380(b), Florida Rules of Civil Procedure, gives the trial judge a wide range of sanctions to impose for discovery violations. Generally, where a party fails to furnish discovery properly to his adversary under the rules of procedure, the punishment should fit the fault. Eastern Airlines, Inc. v. Dixon, 310 So.2d 336 (Fla. 3rd DCA 1975); Herold v. Computer Components International, Inc., 252 So.2d 576 (Fla. 4th DCA 1971). While the trial judge could have taken the action sought by Kuhn in this cause, he chose instead to impose a less stringent sanction. It was his judgment as to what punishment should be imposed for the discovery failure. In the absence of an abuse of discretion the sanctions imposed by the trial judge should stand.
The decision of the district court of appeal is quashed with instructions to reinstate the judgment of the trial court.
It is so ordered.
BOYD, OVERTON and ALDERMAN, JJ., concur.
ENGLAND, J., dissents with an opinion with which SUNDBERG, C.J., and ADKINS, J., concur.
ENGLAND, Justice, dissenting.
As I understand the majority's decision today, any defendant can try the issue of comparative fault, notwithstanding the proper entry of default judgment for the plaintiff, so long as defendant can convince the trial court to recharacterize the default as a "sanction." That means to me that comparative fault is now an aspect of damages, not liability, and I can not agree with that legal conclusion.
SUNDBERG, C.J., and ADKINS, J., concur.
NOTES
[1] Kuhn v. Harless, 390 So.2d 721 (Fla. 4th DCA 1980).
[2] Kuhn v. Harless, 390 So.2d 723, 723-24 (Fla. 4th DCA 1980).
[3] Travelers and Harless had a coverage dispute but this is not germane to this case.
[4] The policy issues between Travelers and Harless had been resolved by this time by a summary judgment against Travelers. The policy contained an obligation to defend Harless. Travelers offered its policy limit of $10,000 but the offer was declined.