407 So.2d 947 (1981)
AMERICAN FIDELITY FIRE INSURANCE COMPANY, Appellant,
v.
WOODY'S ELECTRIC SERVICE, INC., Appellee.
No. 80-2198.
District Court of Appeal of Florida, Third District.
December 8, 1981.
Rehearing Denied January 11, 1982.
James F. Comander, Miami, for appellant.
Tittle, Tittle & Beckmeyer, Tavernier, and Gus H. Crowell, Miami, for appellee.
Before BARKDULL, BASKIN and PEARSON, DANIEL, JJ.
DANIEL S. PEARSON, Judge.
American Fidelity Fire Insurance Company, the plaintiff below, was a subrogee of Design Construction Corporation, a general contractor. American Fidelity, having paid delay damages to a school board under a performance bond posted for Design, sought to recover these damages from Woody's Electric Service, Inc. The gist of its complaint was that Design was delayed in completing the school board construction project because of delay by Woody's in performing its subcontract with Design.
Because of Woody's obstinate and prolonged refusal to make discovery, the trial court struck Woody's pleadings, entered a default against it, twice refused to set the default aside, and proceeded to conduct a non-jury trial, ostensibly on the sole issue of the plaintiff's damages.
With the case in this posture, Woody's liability for the delay was established. The only defense which remained open to it was that Design was not damaged by the delay. Yet, over the plaintiff's objection, the trial court allowed Woody's to *948 interpose the defense that it did not cause the delay[1] and, finding that defense to have been established, entered judgment for Woody's.[2]
The unqualified default as to liability[3] encompassed more than a finding that the defendant breached the contract. Liability includes not only that the contract was breached, but, as well, that the damages, if any, arising from the breach were caused by the defendant. If, as here, the breach of the contract is the defendant's delay in performance, the defendant cannot be heard to say that it was the delay of another that caused the damage. To permit this defense erroneously makes causation an aspect of damages, not liability. Harless v. Kuhn, 403 So.2d 423, 425 (Fla. 1981) (England, J., dissenting).[4]
Since the record indisputably reflects that American Fidelity proved damages caused by the delay, for which Woody's as a result of the default was liable, we reverse and remand with directions to enter judgment for American Fidelity in the amount proved, plus any costs, interest and fees to which it may be entitled. Finding no merit in Woody's cross-appeal from the trial *949 court's refusal to set aside the default, we affirm the cross-appeal.
Reversed and remanded with directions as to the appeal; affirmed as to the cross-appeal.
BARKDULL, Judge, dissenting.
I respectfully dissent. The trial judge found that "All of those damages that you [the plaintiff] are suing for may not be as a result of the Defendant. You know, not per se because of the default. I mean, you have to prove what damages you suffered." I find no error in this ruling.
A default only makes a defendant responsible for all damages for which he is legally responsible or, to say in another way, a defaulted defendant is only responsible for those damages which were foreseeable or were proximately caused by his breach. See: Robbins v. Thompson, 291 So.2d 225 (Fla. 4th DCA 1974); Grappell v. Lauderdale River Park Estates, Inc., 126 So.2d 574 (Fla.3d DCA 1961); Russ v. Gilbert, 19 Fla. 54 (1882); Watson v. Seat, 8 Fla. 446 (1859): 19 Fla.Jur., Judgments and Decrees, §§ 307, 309; 47 Am.Jur.2d, Judgments, §§ 1186, 1187.
The ruling of the trial judge is also supported by the recent decision of the Supreme Court of Florida, reported as Harless v. Kuhn, 403 So.2d 423 (Fla. 1981), which approved a trial judge exercising discretion after entering a default for failure to make discovery (the same situation as in the instant case), permitting a defaulted defendant to show that he was not solely responsible for the plaintiff's damages. A trial judge can be right for the wrong reasons. Jones v. Weaver, 374 So.2d 1175 (Fla. 1st DCA 1979); Alls v. 7-Eleven Food Stores, Inc., 366 So.2d 484 (Fla.3d DCA 1979); Direct Oil Corporation v. Brown, 178 So.2d 13 (Fla. 1965); 3 Fla.Jur.2d, Appellate Review, § 296. And, appellate cases are to be determined on the law at the time of the appellate decision. Melick v. Melick, 393 So.2d 1186 (Fla. 1st DCA 1981); Zobac v. Southeastern Hospital District of Palm Beach County, 382 So.2d 829 (Fla. 4th DCA 1980); Hendeles v. Sanford Auto Auction, Inc., 364 So.2d 467 (Fla. 1978); Weissman v. State Farm Mutual Automobile Insurance Company, 349 So.2d 749 (Fla.3d DCA 1977).
Therefore, I would affirm the action of the trial judge in the instant case either under the principles announced in Harless v. Kuhn, supra, or under the other authorities cited herein.
NOTES
[1] Woody's defense, ostensibly on the issue of damages, was that the delay was caused by other subcontractors on the job. Over plaintiff's objection, the court permitted the cross-examination of the plaintiff's witness "as to in fact whether Woody's was the sole cause of the delay or whether delay was caused by others" (R. 393); overruled plaintiffs objection to the questions, "What other sub-contractors besides Woody's Electric were working on this job in the period from August 1, 1977, through November 30, 1977, the period you are claiming this twelve thousand dollar damages?" (R. 396); and "Were there any other subcontractors who caused you any losses on this job?" (R. 433). Woody's openly avowed that its intent was to show other causes of delay (R. 452) and that "[We] should be able to inquire... as to other items which may have caused the delay such as his monetary problems and things other subcontractors did as well" (R. 458); and "I have a right to prove that other people caused that delay" (R. 460).
[2] The final judgment recited, in pertinent part: "On the evidence presented the Court finds that the plaintiff failed to prove that the defendant was responsible and liable for the damages claimed by the plaintiff."
[3] There is absolutely no indication in the record that the trial court, in the exercise of its discretion, imposed a less stringent punishment than full and complete default. Compare Harless v. Kuhn, 403 So.2d 423 (Fla. 1981) (holding that the co-defendant/insurer against which a default had not been entered would be allowed to assert the affirmative defense of comparative negligence on behalf of the defaulted insured). In the present case the trial court simply came to a legal conclusion that causation was not included in liability. That ruling, as plaintiff's counsel noted, was not harmless:

"The problem was that when I reviewed the complaint and the posture that Your Honor put us in, I asked myself the question, Did the Court not strike the pleadings? What additional proof would I have to offer? I came up with the answer of actually none; and frankly, that lulled us into a false sense of security since the pleadings had been struck a year ago and if we had known, that was the effect of it at that time and we would have probably taken different actions and obtained different discovery due to people's recollection and et cetera. That is the bottom line question. If the pleadings had not been struck, what additional proof would I be required to offer; and basically, it is nothing. I am having to put on the same case now as if Your Honor had not struck the pleadings." (R. 423).
In Harless, there was no claim of prejudice, nor could there have been, because the insurer, against which no default had been entered and which was free to assert a comparative negligence defense, was a party until voluntarily dismissed by the plaintiff on the morning of trial. Thus, the plaintiff was on notice that comparative negligence would be an issue at trial, absent the plaintiffs action in voluntarily dismissing the insurer.
[4] The dissent in Harless points out that comparative negligence is legally an aspect of liability, not damages. The Harless majority takes no issue with that proposition. Instead, the majority decision rests on a determination that the trial court receded from imposing the sanction of complete default liability. Because such a determination cannot be made here, see n. 2 supra, the majority opinion in Harless is distinguishable. The facts of the present case inescapably bring into play the concern expressed in the Harless dissent.

Our view that causation is an aspect of liability is unaffected by the inapposite decision in Garcia v. Delsardo, 378 So.2d 1249 (Fla.3d DCA 1980). There this court held (Judge Schwartz dissenting) that the threshold amount under the no fault law was an aspect of damages, not liability, so as to permit a defaulted defendant to contest that issue.