455 So.2d 1093 (1984)
Melvin E. RUDNER, Appellant,
v.
Wanda Koske CABRERA, Appellee.
No. 83-1072.
District Court of Appeal of Florida, Fifth District.
September 13, 1984.
*1094 Joe Teague Caruso, of Wolfe, Kirschenbaum, Caruso, Mosley & Kabboord, P.A., Cocoa Beach, for appellant.
Karen M.P. Thompson, of Bross, Trachtman, Henderson & Childress, P.A., Indialantic, for appellee.
ORFINGER, Judge.
The issue on appeal is whether a defendant against whom a default has been entered, may file a compulsory counterclaim in the form of a separate action after his motion to set aside the default and to permit him to plead has been denied. The trial court held that he could not, and dismissed the action. We affirm.
Wanda Cabrera filed an action against Melvin Rudner alleging that Rudner had fraudulently induced her to borrow $25,000 from Bank of Brevard and to sign a note for that sum, pledging two automobiles as collateral, on the representation that he wanted to use the money as a down payment on a condominium; that she derived no benefit from the loan but borrowed the money as a convenience to Rudner; that when he failed to repay the loan she was compelled to do so, suffering the loss of her collateral, and other damages. Rudner was served with process, and when he failed to respond, Cabrera secured the entry of a default against him by the Clerk of the Court.
Through counsel, Rudner subsequently moved to set the default aside, alleging that the failure to respond was caused by excusable neglect, and there was attached to the motion a proposed answer, affirmative defenses and a counterclaim. The counterclaim sought damages identical to those sought in the instant action. After hearing, the trial court denied the motion to set aside the default. The order denying the motion to vacate the default is not involved in this appeal.
Thereafter, Rudner filed the instant action, claiming damages against Cabrera based on identical allegations as in the proposed counterclaim which he had attempted to file in Cabrera's action against him. On motion, the trial court dismissed the complaint, *1095 and after Rudner amended, alleging essentially the same facts, entered a final order of dismissal. Although the order dismissing the action states no reason, the motion seeking the dismissal was essentially predicated upon the default in the earlier case, the identity of the subject matter and the ground that "filing a new lawsuit concerning the old subject matter is an impermissible attempt to evade the intent and effect of Rule 1.170 regarding compulsory counterclaims."
A review of the complaint here quickly reveals the fact that Rudner is referring to the same bank loan and the same $25,000 as was claimed by Cabrera in her suit. The difference is that Rudner claims here that Cabrera, with whom he had had a relationship for four years, borrowed a total of $25,000 from him at different times, and when they broke up, she agreed to borrow the $25,000 from the Bank of Brevard so that she could repay her debt to Rudner. Clearly the same bank loan is involved, but the parties assert different reasons for borrowing the money.
Appellee asserts that Rudner's action was in the nature of a compulsory counterclaim, which should have been filed in Cabrera's action, and because it was not so filed that Rudner is estopped from filing that counterclaim as a separate action. Rule 1.170(a), Florida Rules of Civil Procedure states:

Compulsory counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading a pleader has against any opposing party, provided it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for adjudication the presence of third parties over whom the court cannot acquire jurisdiction.
In determining whether a counterclaim is compulsory, several tests are usually applied: (1) are the issues of fact and law raised by the claim and counterclaim largely the same; (2) will substantially the same evidence support or refute the plaintiff's claim as well as the defendant's counterclaim; (3) would the doctrine of res judicata bar the counterclaim if it is asserted subsequent to the action. See Bratcher v. Wronkowski, 417 So.2d 1132 (Fla. 5th DCA 1982); Neil v. South Florida Auto Painters, Inc., 397 So.2d 1160 (Fla. 3d DCA 1981). Judged by this test, and because it "arises out of the transaction ... that is the subject matter of [Cabrera's] claim and does not require for adjudication the presence of third parties ...," the counterclaim which forms the basis for the action here was clearly compulsory.
Appellant relies on Cheezum Development Corporation v. Maddox Roof Service, Inc., 362 So.2d 99 (Fla. 2d DCA 1978); cert. denied, 368 So.2d 1370 (Fla. 1979), as authority for the proposition that prior to the entry of a final judgment in the original action, the subject matter of a compulsory counterclaim may be filed as a separate action. The Cheezum court recognized the principle that on the basis of estoppel or res judicata, where the first suit has proceeded to judgment, a party who has failed to file a compulsory counterclaim cannot thereafter assert that claim in a separate action.[1] Because the action had not proceeded to judgment, the Cheezum court concluded that neither estoppel nor res judicata prevented the defendant from filing the counterclaim as a separate action. Cheezum is distinguishable however because there, no default had been entered against the defendant. An answer had been filed, but defendant had neglected to file the counterclaim. We must determine if the default against Rudner alters the effect of the Cheezum decision.
We believe that it does, and even though the default had not matured to a judgment, it nevertheless precludes the filing of a counterclaim here. In Bischoff v. Dixie *1096 Auto Parts and Equipment Corp., 346 So.2d 146 (Fla. 3d DCA 1977), the court held that it was error for the trial court to permit a defendant to file and prosecute a counterclaim and cross-claim after a default had been entered against it because the Rules of Civil Procedure provide that a party in default may not file pleadings in an action, other than those pleadings as seek relief from the default. Fla.R.Civ.P. 1.500. If the counterclaim cannot be filed in the same action after a default, the rule and the effect of a default should not be circumvented by permitting the filing of the counterclaim in a separate action.
The policy behind the compulsory counterclaim rule is to prevent multiplicity of actions and to require the resolution in a single lawsuit of all disputes arising out of the same transaction. Neil, supra; Kinney v. Allied Home Builders, Inc., 403 So.2d 440 (Fla. 2d DCA 1981). When a default is entered against a party for failure to plead, that party has the right to contest unliquidated damages, but no other issue. Harless v. Kuhn, 403 So.2d 423 (Fla. 1981). It would therefore appear that the entry of the default (unless set aside) precludes the filing of the compulsory counterclaim either in the same action or in a subsequent action, notwithstanding the fact that the first action has not proceeded to judgment.
The final order of dismissal is
AFFIRMED.
COBB, C.J., and FRANK D. UPCHURCH, Jr., J., concur.
NOTES
[1] The trial court appears to have relied on Sottile v. Gaines Construction Company, 281 So.2d 558 (Fla. 3d DCA 1973) as authority to support the dismissal here, but that case does not control here because there, the original action had proceeded to final judgment after default. See also, Pesce v. Linaido, 123 So.2d 747 (Fla. 3d DCA 1960).