FRANK, Judge.
The appellant, Pony Express Courier Corporation (Pony Express), has appealed from a final order denying it the recovery of special damages following the entry of a default judgment against the appellees, Cecil A. Zimmer and Florida Courier Corporation. The lower court, after refusing to set aside the default, conducted an evidentiary hearing to determine the question of damages. The appellees appeared pro se and participated in the evidentiary hearing but they did not appear in the appellate proceeding.
In passing upon the damage claims stemming from Counts II, III and IV of the amended complaint, the lower court found that Pony Express either offered no proof or failed to prove compensable deprivation in the form of lost revenue and goodwill alleged by it in those counts to have resulted from the appellees’ tortious interference with contractual relationships, improper use of trade secrets and breach of fiducial obligations.[1] The trial court further found that Pony Express was not entitled to damages under Count V of the amended complaint in which it is asserted the appellees tortiously induced others to defame Pony Express. The court dismissed Count V of the amended complaint upon the ground that an actionable tort of the kind alleged in that Count does not exist. Pony Express does not quarrel with the foregoing determinations reached by the trial court. It is the final aspect of the lower court’s disposition of the damage claims asserted by Pony Express, as a result of Counts VI and VII, added as amendments to the complaint some three months after the action was commenced, which crystallizes the issue before us, i.e. is Pony Express, upon the appellees’ default, entitled to recover as special damages the attorney’s fees and costs it expended in successfully warding-off, at the investigative stage before a federal grand jury, an antitrust attack upon its business practices?
In disposing of Counts VI and VII of the amended complaint, the trial court spawned the issue we now resolve in favor of Pony Express. Winnowed down to their essential parts, Counts VI and VII, which the trial court correctly treated as admitted in light of the appellees’ default, allege that the appellees maliciously and without regard to the rights of Pony Express, inspired and embarked upon a conspiracy, involving former employees of Pony Express, to disrupt, impair and burden it in the pursuit of its business by false accusations of conduct violative of the federal antitrust laws thus triggering a grand jury investigation initiated by the Antitrust Division of the United States Department of Justice. There is competent evidence in the record to sustain a finding that the appellees were motivated to act as they did in response to the litigation Pony Express initiated in Counts I through V of the original complaint in which it was alleged, inter alia, that Zimmer, a former employee of Pony Express, had breached a covenant not to compete. We emphasize, however, that at the post-judgment stage, where Pony Express was seeking only to establish its damages, the evidence associated with the appellees’ motivation was immaterial and not a factor to be considered by the trial court. The alleged illicit motivation was admitted upon the appellees’ default and was not a matter within the trial court’s area of concern at the damage phase. American Fidelity Fire Insurance Company v. Woody’s Electric Service, Inc., 407 So.2d 947 (Fla. 3d DCA 1981). We note only parenthetically, and not as an element having any bearing upon our decision in this matter, that Pony Express, after employing competent counsel who represented it in the grand jury proceeding, was found not to have violated the federal antitrust laws.
*1318 We begin our analysis from the premise, seemingly well settled in Florida, that upon the entry of a default judgment, “a [defaulted] party has the right to contest damages caused by his wrong but no other issue.” Harless v. Kuhn, 403 So.2d 423, 425 (Fla.1981). Certainly, unliquidated damages may be contested. Rudner v. Cabrera, 455 So.2d 1093, 1096 (Fla. 5th DCA 1984).
In determining whether Pony Express is entitled to the fees and costs it sought below, we focus upon the treatment the trial court accorded the claim for special damages deriving from the expenditure of funds to employ and utilize attorneys in the federal grand jury proceeding. The trial court ritualistically viewed the claim as one asserted by a prevailing party for the recovery of attorney’s fees normally, but with limited exception, not recoverable under the American Rule. See Alyeska Pipeline Service Company v. The Wilderness Society, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). Stated differently, the trial court perceived and resolved the special damage claim in a manner undifferentiated from that which would have been the case had Pony Express attempted to recover its attorney’s fees and costs because it prevailed in procuring and preserving the default judgment. The trial court was in error.
At first blush, it may seem a unique principle of law to permit the recovery of attorney’s fees as special damages in a setting in which the claimant was not a litigant participating in active litigation giving rise to the damages. Cf. Colen v. Patterson, 436 So.2d 182 (Fla. 2d DCA 1983). Our sister courts, however, have recognized:
that where the wrongful act of the defendant has involved the claimant in litigation with others or placed him (or her) in such relation with others as makes it necessary to incur expenses to protect his interest, such costs and expenses, including attorney’s fees, should be treated as the legal consequences of the original wrongful act and may be recovered as damages, (emphasis added).
Canadian Universal Insurance Company v. Employers Surplus Lines Insurance Company, 325 So.2d 29, 31 (Fla. 3d DCA 1976).
The principle enunciated in Canadian Universal Insurance Company has been followed by the First District in Baxter’s Asphalt & Concrete, Inc. v. Liberty County, 406 So.2d 461, 467 (Fla. 1st DCA 1981), vacated on other grounds, 421 So.2d 505, (Fla.1982), and in Florida National Bank at Gainesville v. Alfred & Ann Goldstein Foundation, Inc., 327 So.2d 110 (Fla. 1st DCA 1976).
The Fourth District in Glusman v. Lieberman, 285 So.2d 29 (Fla. 4th DCA 1973), prior to the First and Third District’s expression of the concept, acknowledged that the recovery of attorney’s fees may be appropriate beyond the circumstance where authorized by statute, contract or equitable considerations, such as where a fund has been created and is being protected in the interest of others, observing that: “one might distinguish the three categories usually referred to as pure attorney’s fees, or attorney’s fees per se, while designating the attorney’s fees allowed in other designated types of actions as special damages to compensate for the wrong done.” 285 So.2d 31 (emphasis added).
Based upon the record before us, it is our judgment that the trial court not only mis-perceived the nature of the damage claim asserted and litigated by Pony Express but also the principle of law entitling it to recover as special damages the fees and costs it expended in protecting itself from the threat of civil or criminal antitrust litigation flowing from the appellees’ false accusations.
In reaching and expressing our decision in this matter, we hasten to state that we are aware of the substantial public policy consideration which could be adversely affected by an unrestricted judicial determination imposing a monetary sanction upon conduct commonly characterized as “whist-leblowing.” It is certainly not our purpose to, nor do we, expand our jurisprudence to create as an actionable wrong the revelation to a regulatory body or police agency *1319 the wrongdoing of another. The paramountcy of the public interest demands the unfettered ability of persons to expose unlawful conduct to those governmental authorities or agencies charged with the duty of protecting and insuring the integrity of our society. Our conclusion to reverse the lower court’s denial of special damages to Pony Express is, however, wholly the result of the procedural setting in which this matter came to us. This court’s adherence to the central theme embedded within the supreme court’s decision in Harless permitted the appellees only “the right to contest damages caused by [their admitted] wrong but no other issue.” 403 So.2d 425. In the face of the appellee’s default and subsequent failure to overcome Pony Express’s proof of damages, we are without choice in our responsibility to maintain an essential consistency in the operation of Rule 1.500 of the Florida Rules of Civil Procedure. In sum, our endpoint in this proceeding is confined to the particular facts and events brought to us for review.
Accordingly, we reverse and remand this matter for further proceedings consistent with this opinion.
OTT, A.C.J., and SCHOONOVER, J., concur.

. At the outset of the litigation, Pony Express sought and procured injunctive relief against the appellees under Count I of the original complaint. This court determined in Zimmer v. Pony Express Courier Corporation of Florida, 408 So.2d 595 (Fla. 2d DCA 1981), that the anti-competition covenant in Zimmer’s contract of employment did not survive his departure from employment with Pony Express and, hence, reversed the entry of the temporary injunction.