[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THE PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
The plaintiffs, Bill Rodgers Realty, Inc., a Florida corporation, and Louis Wolcott, a Florida resident, have brought this action on a judgment for $10,000.00 that was entered by the County Court of Marion County, Florida, on April 15, 1994, in favor of the plaintiffs against the defendants, Arun Pereira and Probhati Pereira, both residents of Manchester, Connecticut, after they were defaulted for their failure to appear in the Florida action. The plaintiffs' claims as stated in their complaint in that action were that the defendants had breached a contract for the sale of property in Florida by stopping payment on a deposit check for $10,000.00 that had been tendered by the defendants, and by otherwise failing to perform their obligations under the purchase agreement between the parties.
After the judgment had been entered, the defendants retained counsel in Florida who filed a motion to vacate the judgment (Plaintiffs' exhibit C) on September 13, 1994, on the ground that the plaintiffs had failed to state any basis for the exercise by the Florida court of personal jurisdiction over the defendants in their complaint. On November 10, 1994, the County Court denied the defendants' motion (Plaintiffs' exhibit D) and ruled that the defendants were subject to its jurisdiction pursuant to § CT Page 125248.193(1)(g) of the Florida Statutes because the plaintiffs had alleged in their complaint that the defendants had breached a contract made in Florida "by failing to perform acts required by the contract to be performed in this state" within the meaning of the statute. See Engineered Storage Systems, Inc. v. NationalPartitions Interiors, Inc., 415 So.2d 114 (Fla.App. 1982).
The defendants have filed five special defenses as well as a counterclaim in four counts alleging duress, false imprisonment and unlawful restraint, unfair trade practices, and the negligent or reckless infliction of emotional distress. All of the legal claims asserted in their special defenses and in their counterclaim relate to the factual circumstances under which the purchase agreement which was the subject of the complaint in the prior Florida action was executed and the manner in which the defendants' signatures were obtained.
The plaintiffs in this case have followed the proper procedure for exercising their right to bring an independent action on a foreign judgment under § 52-507 of the General Statutes, rather than to attempt to enforce the judgment itself under § 52-604 and § 52-605 simply by filing a certified copy, because that statutory procedure may not be used for foreign judgments, such as the one sued on in this case, which are "obtained by default in appearance or by confession of judgment." The independent common law action which is preserved under § 52-607, however, permits a collateral attack on the judgment by establishing facts that would render the judgment void, rather than merely voidable, such as lack of jurisdiction over the subject matter, the parties, or both Seaboard Surety Co.
v. Waterbury, 38 Conn. Sup. 468, 472 (1982); see also Rathkopf v.Pearson, 148 Conn. 260, 265 (1961).
A party can "defend against the enforcement of a foreign judgment on the ground that the court that rendered the judgment lacked personal jurisdiction, unless the jurisdictional issue was fully litigated before the rendering court or the defending party waived the right to litigate the issue." Packer Plastics, Inc. v.Laundon, 214 Conn. 52, 56 (1990). Nevertheless, under the federal cases construing the full faith and credit clause, the judgment of another state must be presumed valid, and "the party attacking the judgment bears the burden of proof regardless of whether the judgment at issue was rendered after a full trial on the merits or after an ex parte proceeding." Id. 57. CT Page 1253
The doctrine of res judicata which bars judicial reconsideration of an issue previously determined by a court of competent jurisdiction in a prior proceeding between the same parties in the same cause of action, applies to questions of jurisdiction with the same force as it does to other legal issues. Morabito v. Wachsman, 191 Conn. 92, 98 (1983). Accordingly, where a party against whom a default judgment has been rendered moves unsuccessfully to vacate the judgment in that state on the ground that he was improperly served with process, he may not raise the same objection as a defense to a suit on such judgment brought in another state. Vander v. Casperson,
187 W.E.2d 109, 110 (N.Y. 1962).
A judgment of a court that has jurisdiction of the parties and of the subject matter "operates as res judicata in the absence of fraud or collusion even if obtained by default, and is just as conclusive an adjudication between the parties of whatever is essential to support the judgment as when rendered after answer and complete trial." Slattery v. Maykut,176 Conn. 147, 157 (1978). The doctrine of res judicata, or claim preclusion, provides that a former judgment on a claim is an absolute bar to a subsequent action on the same claim, as to any admissible matter which might have been offered to sustain the claim. Delahunty v. Massachusetts Mutual Life Ins. Co.,236 Conn. 582, 589 (1996).
The rule of claim preclusion prevents the reassertion of the same claim regardless of what additional or different evidence or legal theories might be advanced to support it. Rosenfield v.Cymbala, 43 Conn. App. 83, 87 (1996). A claim, that is, a cause of action, in terms of res judicata analysis, includes all rights that a party has to remedies against the other, with respect to all or any part of the transaction out of which the action arose and includes any claims relating to the cause of action which might have been made. Scalzo v. Danbury, 224 Conn. 124, 128
(1992).
What constitutes a "transaction" must be decided based on practical considerations including whether the facts are related in time, space, origin or motivation and may be considered to be a "convenient trial unit". Commissioner of EnvironmentalProtection v. Connecticut Building Wrecking Co., 227 Conn. 175,190 (1993). In order to apply this "transactional test" under the facts of this case, the defendants' counterclaim must be compared to the pleadings in the Florida action (Plaintiffs' exhibit A) CT Page 1254 which allege the contract for the sale and purchase of the real estate, the tender of the check and the action of the defendants in stopping payment on the check. Id.
It should also be noted that under Florida's procedural rules governing compulsory counterclaims, the defendants' counterclaims in this action clearly arise out of the transaction that was the subject matter of the plaintiffs' complaint in the Florida action, and should have been raised by way of an appropriate pleading at that time. See Rudner v. Cabrera, 455 So.2d 1093,1095 (Fla.App. 1984). Under § 22 of the Restatement of Judgments (Second), a defendant who fails to interpose a claim as a counterclaim in the original action is precluded from maintaining an action on the claim after the rendition of judgment in that action if the "counterclaim is required to be interposed by a compulsory counterclaim statute or rule of court. . .".
For the foregoing reasons the Florida judgment is res judicata as to the claims made in the defendants' counterclaim, and in the absence of any proof of fraud or collusion, it is just as conclusive an adjudication between the parties of whatever [was] essential to support the judgment as [if it had been] rendered after answer and complete trial." Slattery v. Maykut,
supra, 176 Conn. at 157. Accordingly, the plaintiffs' motion for summary judgment is granted.
Harry Hammer Judge Trial Referee