# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

No. 1D2022-1322

———————————————

CHAROLETTE L. ALEXANDER,

    Appellant,

    v.

NORTH FLORIDA CONSTRUCTION
BUILDERS, LLC,

    Appellee.

———————————————

On appeal from the Circuit Court for Leon County.
Angela C. Dempsey, Judge.

May 7, 2025

TANENBAUM, J.

At the heart of this appeal is a summary foreclosure judgment on a construction lien, the appellant having been defaulted for failure to answer the suit against her. The appellant obtained counsel only after rendition of that judgment, and at that point, through counsel, she filed a timely notice of appeal.

Simultaneously, counsel filed a motion with the trial court, on the appellant's behalf, seeking to set aside the judgment under Florida Rule of Civil Procedure 1.540(b). The motion asserted the just-rendered judgment was void because the underlying construction lien was void. Because this appeal divested the trial court of jurisdiction over the judgment, the appellant requested that we "relinquish jurisdiction" and allow the lower court to dispose of the motion, its disposition then possibly "obviat[ing] the

necessity of [this] appeal." There being no opposition, we granted the request and directed the appellant to report the outcome when the relinquishment period ended. Once the trial court denied the motion, the appellant advised us of that fact and "request[ed] this appeal proceed in due course." The appellant did not file a notice of appeal attaching the order denying relief from the judgment, but on its own, this court ordered the trial court clerk to transmit the latest order as a record supplement.

A motion seeking relief from judgment is a separate proceeding, one that can produce a "final post decretal order" that is a "final and distinct adjudication of rights" not originally adjudicated and can "be treated as a final judgment," an order separately appealable. *Cf. Clearwater Fed. Sav. & Loan Ass'n v. Sampson*, 336 So. 2d 78, 79 (Fla. 1976). An appeal from the original final judgment and one from a subsequent final order (*e.g.*, on a request for relief from that judgment) in turn are distinct proceedings, so if we authorize a trial court to rule on a post-judgment motion like we did here, review of the latter final order ordinarily must be invoked by the filing of a new notice of appeal, thereby opening a new case with us. *See* Fla. R. App. P. 9.130(a)(5), (b)–(c) (providing for review of post-judgment relief orders and requiring that jurisdiction be "invoked by filing a notice" with the trial court clerk that attaches "a conformed copy of the order" being appealed); *see also id.* (e) (setting abbreviated deadline for serving the initial brief); *cf.* Fla. R. App. P. 9.110(h) (allowing for review of "multiple final orders" under "a single notice, if the notice is timely filed as to each such order"). Out of concern, however, that our *sua sponte* order to supplement the record may have caused confusion on this point, we review both final orders within this singular appeal, noting in doing so that both parties have fully briefed the subsequent order's reversibility. *Cf.* Fla. R. App. P. 9.040(d) (allowing the appellate court to "disregard any procedural error or defect that does not adversely affect the substantial rights of the parties").

Turning to the first final order on appeal—the foreclosure judgment—we see that the appellant's initial brief does not argue the default entered against her was in error. Any argument for reversal on that front is abandoned. *See City of Miami v. Steckloff*, 111 So. 2d 446, 447 (Fla. 1959) ("It is an established rule that

2

points covered by a decree of the trial court will not be considered by an appellate court unless they are properly raised and discussed in the briefs. An assigned error will be deemed to have been abandoned when it is completely omitted from the briefs."). The default, in turn, operates "as an admission by [the appellant] of the truth of the definite and certain allegations and the fair inferences and conclusions of fact to be drawn from the allegations" in the complaint, and "the allegations as to the [appellee's] right of action are taken to be true." *N. Am. Acc. Ins. Co. v. Moreland*, 53 So. 635, 637 (Fla. 1910); *see also Watson v. Seat*, 8 Fla. 446, 448 (1859) (noting that when a defendant fails "to plead to the action" after being summoned and otherwise "stands mute," the defendant "confesses the plaintiff's cause of action and right of recovery").

The default remaining in place, the only matters left for the appellant to contest in the trial court were the existence of a legal basis for the appellee's recovery—taking the essential facts as admitted—and the amount of the recovery. *See Watson*, 8 Fla. at 448; *Moreland*, 53 So. at 637. The appellant failed to address either of these before the trial court in response to the appellee's summary judgment motion; instead, at that point, she belatedly contested the facts already deemed admitted under the default. And in the case now before us, the appellant does not raise any error regarding these matters—for that matter, she fails to identify any defect in the proceeding leading to rendition of the first final order. We affirm that order.

The appellant nevertheless contends that because the trial court erroneously rendered judgment on a void contract and lien (a question she did not raise with the trial court before entry of that judgment), its refusal to *vacate* the judgment *after the fact* on the same basis—indeed, without a hearing—was error as well. The appellant's approach highlights why maintaining distinct appellate proceedings for serial final orders is important—basically, to ensure faithful observance of the scope of review delimited for each. The appellant's argument that the lien was void addresses an affirmative defense that had to have been pleaded and considered *before* the foreclosure judgment was rendered; so, even though the appellant failed to plead the matter, it still falls only within the authorized scope of review for the first final order being appealed. *See* Fla. R. App. P. 9.110(h) (describing a district

3

court's "scope of review" as extending to "any ruling or matter occurring before filing of the notice [of appeal]"). The scope of review for the subsequent final order—being limited to possible errors arising *after* the original final judgment that adversely contributed to the *later* order's rendition—does not allow for what the appellant seeks to do here: resurrect claimed errors already forfeited in connection with review of the earlier order. *Cf.* Fla. R. App. P. 9.130(d)–(e) (precluding transmission of a record on appeal when seeking review of post-judgment relief order, and instead requiring an appendix to be filed with the initial brief).

To address the appellant's argument that the trial court erroneously failed to have a hearing before refusing to set aside the judgment, we note the motion failed to state a *prima facie* basis for relief under the applicable rule. Florida Rule of Civil Procedure 1.540(b) permits relief from a judgment on several grounds, and the appellant attempted to invoke subdivision (b)(4)—that the judgment was void. For a judgment to be void, though, the trial court rendering it either must not have had "jurisdiction of the subject matter" or must not have acquired jurisdiction "of the parties affected by the judgment." *Wilds v. State*, 84 So. 664, 664 (Fla. 1920). The appellant's motion to set aside did not challenge the trial court's broad subject-matter jurisdiction or assert a lack of personal jurisdiction. Instead, as has been noted, she tried using the motion to attack underlying facts—the voidness of the construction lien—facts she could have contested through an affirmative defense but instead had admitted by virtue of her default. The rule does not allow setting aside a judgment based on an asserted *trial court* error in how the facts and law were determined in a case over which it had jurisdiction. *Cf. Malone v. Meres*, 109 So. 677, 682 (Fla. 1926) (explaining that an otherwise valid judgment "is binding, even though erroneous because of irregularity of procedure," and it "will not be set aside, reversed, or modified, except by appropriate direct appellate procedure"). We find no basis to reverse the second final order.

AFFIRMED.

4

RAY[*] and M.K. THOMAS, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____


Adrian S. Middleton of Sword & Shield Law Firm, Tallahassee, for Appellant.

Frank S. Shaw, IV, of Smith, Thompson, Shaw, Colón & Power, P.A., Tallahassee, for Appellee.

---

[*] Judge Ray was substituted in as a panel member after oral argument in this appeal, the video recording of which she has reviewed in full, along with the parties' briefs.

5