**JULIAN LEHMAN and BETTY LEHMAN, his wife, v. ELLIS GOLDIN, DAVID GOLDIN and ETHEL MINTZER, formerly known as ETHEL GOLDIN.**

36 So. (2nd) 259                                                June Term, 1948
July 20, 1948                                                   Division B

*James G. Pace, Edmund G. Sigman* and *George Gilbert,* for appellants.

*Charles Danton,* for appellees.

BARNS, J.:

A demurrer having been sustained to plaintiffs'-appellants' declaration and final judgment of respondent ouster having been entered, the plaintiffs appealed.

Plaintiffs' declaration alleged that on and prior to March 16, 1946, the plaintiffs were the owners of certain land and that on or about the 16th day of March, 1946, the defendants falsely and maliciously published certain matter concerning

plaintiffs' title, by altering in a material manner a letter written by one Milton F. Steinhardt to one James Goldin, making reference to said property, by adding their signatures to said letter and adding a description of the property in such a way as to cause said letter to appear as a contract of sale for said property; and, by attaching an affidavit to said letter in such a way as to entitle it to be recorded among the public records, did maliciously publish and record said instrument among the public records of Dade County, Florida, and against the property of the plaintiffs, a copy of which letter is attached to the declaration and made a part thereof, and plaintiffs claim special damages as set forth in the declaration. The letter as recorded, with jurat omitted, is as follows:

"Premises in Dade County, Florida, known as Lot 3 of Block 15 of Biscayne Point as recorded in Plat Book 14 at page 35 of the Public Records of Dade County, Florida.

"P. S. The purchase price of $11,000.00 is complete with the lot, financing and other miscellaneous charges.

"October 4, 1945

"Mr. James Golden,
 Tropics Hotel,
 Miami Beach, Florida.

"Dear Mr. Golden:

"We hereby agree to build you a two (2) bedroom, one (1) bathroom home, according to the plans of the architect, J. J. DeBrita, on Lot 3, Block 15, Biscayne Point. The cost of the home to be eleven Thousand Dollars ($11,000.00). To be paid as follows:

"Twenty-two hundred and fifty dollars ($2250.00) cash. Balance of a first mortgage of eight thousand and seven hundred and fifty dollars ($8,750.00) payable to Miami Beach First Federal Savings and Loan Assoc., in accordance with their terms and conditions.

"We will not guarantee a definite date to finish said building, but will do our utmost to complete this building as soon as possible. When this building is completed, you will have three (3) days in which to accept or reject said building. If you

desire to reject the building, your deposit of Two thousand dollars ($2,000.00) is to be refunded within a week.

"Very truly yours,

(s) Milton F. Steinhart

"Witnesses:                    (s) James Goldin

(s) David Goldin

(s) Ethel Goldin

"WE BUILT AND OWNED

"President Madison—Coral Reef—Dorset—Georgian—
Shelby—Somerset—Whitehart—Ocean Blue—
Parkside—Mecca—Capri—Marissa."

The law applicable is as stated in the Restatement, as follows:

"Sec. 624. General Rule.

"One who, without a privilege to do so, publishes matter which is untrue and disparaging to another's property, in land, chattels or intangible things under such circumstances as would lead a reasonable man to foresee that the conduct of a third person as purchaser or lessee thereof might be determined thereby is liable for pecuniary loss resulting to the other from the impairment of vendibility thus caused.

"Sec. 625. Intentional—Scienter—Malice.

"One who publishes matter disparaging to another's property in land, chattels or intangible things is subject to liability under the rule stated in Sec. 624 although he

"(a) did not intend to influence a third person's conduct as purchaser or lessee of the thing in question

"(b) neither knew nor believed the disparaging matter to be false;

"(c) did not publish such matter from ill will toward the other or a desire to cause him loss.

"Sec. 626. Disparaging Statements of Fact.

"One who without a privilege to do so publishes an untrue statement of fact which is disparaging to the quality of another's land, chattels or intangible things, under circumstances which would lead a reasonable man to foresee that the conduct of a third person as purchaser or lessee thereof would

be determined thereby, is liable for pecuniary loss resulting to the other from the impairment of vendibility so caused."—3 Torts, A. L. I., pp. 325-329.

See also 33 Am Jur., "Libel and Slander"—Sec. 343, et seq., p. 310, et seq.

It is to be observed that the defendants purport only to have been mere witnesses to the recorded instrument.

It appears that the declaration states a cause of action.

Reversed.

THOMAS, C. J., ADAMS and HOBSON, JJ., concur.