285 So.2d 29 (1973)
Frank GLUSMAN, Appellant,
v.
Arnold LIEBERMAN, Appellee.
No. 72-1171.
District Court of Appeal of Florida, Fourth District.
November 9, 1973.
W.L. Kirk, Jr., of Pitts, Eubanks, Ross & Rumberger, Orlando, for appellant.
Joe T. Caruso, of Spielvogel, Goldman & Caruso, Merritt Island, for appellee.
DOWNEY, Judge.
For the purposes of this opinion the essential facts are that appellant filed an affidavit of public record asserting an ownership interest in property owned by appellee. Thereafter, appellee filed this suit for slander of title seeking compensatory and punitive damages. The complaint also prayed that appellant be adjudged the owner of the property, that the affidavit be declared fraudulent and of no effect, and that appellant be enjoined from claiming any further interest in the property. Appellant filed a counterclam praying that a resulting trust be established in his favor. Neither party demanded a jury trial on the claim for slander of title, and the court tried all issues in the case. Judgment was entered for appellee for a total of $16,720.93, consisting of $6,611.20 interest, $7,000.00 *30 attorney's fees, $609.73 taxes and $2,500.00 punitive damages.
Appellant states four points on appeal, only two of which necessitate comment; they involve the allowance of punitive damages and attorney's fees.
Appellant contends that the trial court was sitting as a court of equity and that punitive damages are not recoverable in equity unless authorized by statute. He relies upon Orkin Exterminating Co. of So. Fla. v. Truly Nolen, Inc., Fla.App. 1960, 117 So.2d 419, R.C. #17 Corp. v. Korenblit, Fla.App. 1968, 207 So.2d 296, and Lee v. Watsco, Inc., Fla.App. 1972, 263 So.2d 241. In each of those cases the plaintiff sought equitable relief by way of injunction to restrain defendant and also prayed for damages for the defendant's offending conduct; thus, the claim for damages was incidental to the claim for equitable relief. The complaint in this case seeks damages for slander of title and also seeks to cancel an affidavit of ownership and to quiet title. So this case might be distinguished from the cited cases on the ground that the legal relief sought here, i.e., damages for slander of title, was primary and the equitable relief was incidental. But, whether the legal relief was primary and the equitable relief incidental, or vice versa, we need not determine, because it is our view that the rule first announced in Orkin, supra, and followed in the two subsequent cases, is no longer appropriate in Florida.
In this case the trial judge had before him a suit for slander of title, traditionally a law action, and prayers for injunction and to quiet title, traditionally equitable claims. Both parties waived their right to a jury trial with regard to the law action and the entire matter was tried by the court. What rational basis is there to hold at this point and time that the trial judge could not try the damage question in its entirety and also grant the requested equitable relief? Granted that under the law of England, as pointed out in Orkin, supra, punitive damages were not assessible by a chancellor in equity, but with the demise of the two sides of the circuit court, equity and law, and the adoption of Rule 1.040 RCP, 30 F.S.A., establishing one form of action, and Rule 1.110(g) RCP, allowing the joinder of legal and equitable claims, the reason for the rule has vanished. As pointed out in Emery v. International Glass & Mfg., Inc., Fla.App. 1971, 249 So.2d 496:
"But withal, the essential purpose of the new merger rule is to facilitate the administration of justice and to pave the way for a claimant to receive appropriate judicial relief unfettered by the technical distinction between the two procedural hats formerly worn by the same court. Accordingly, in line with this purpose there is no longer provision in the rules for the transfer of any cause to the opposite side of the circuit court; hence a cause now properly before the circuit court is before it for all purposes notwithstanding that there is an admixture of claims and/or defenses which substantively may sound both in law and in equity. Further, in line with the essential purpose of the rule, it would now be incongruous to hold that after a full and complete final hearing a cause properly before a court should be halted and begun anew on another substantive theory. The court should at once be free to do equity on the one hand and, on the other, preserve the rights at law of the parties, including the right to jury trial if timely applied for. Colloquially, stated, the court ought to clean up the whole ball of wax in the straightest line possible, utilizing just so much of the existing rules as may be necessary to get to the heart of the matter."
The quantitive weight of authority may still support to the rule that punitive damages are not allowable in an action that seeks both legal and equitable relief. But it appears to us that the more enlightened view, considering the aforementioned changes in the Rules of Civil Procedure, is stated in I.H.P. Corp. v. 210 Central *31 Park South Corp., 16 A.D.2d 461, 228 N.Y.S.2d 883 (1962), affirmed 12 N.Y.2d 329, 239 N.Y.S.2d 547, 189 N.E.2d 812 (1963); Union Oil Co. v. Reconstruction Oil Co., 20 Cal. App.2d 170, 66 P.2d 1215; Charles v. Epperson & Co., 1965, 258 Iowa 409, 137 N.W.2d 605; Village of Peck v. Denison, 1969, 92 Idaho 747, 450 P.2d 310. In the I.H.P. Corp. case the plaintiff sued to enjoin his landlord from interfering with his possession and to recover damages. The trial court, sitting without a jury, awarded an injunction and compensatory and punitive damages. On appeal the court noted that the weight of authority in the past had forbidden the award of punitive damages in actions where equitable relief was sought. However, the court pointed out "The reasons [for said rule] are rooted in the historic procedural separation between law and equity  a separation which, in large measure, is no longer sustainable under modern code practice." The court noted further that, "Although the abolition of the ancient forms of action has not eliminated the several legal and equitable principles separately governing judicial remedies, it has removed outmoded procedural barriers against awarding complete relief in a single action." The court went on to state that although New York had previously followed the general rule, no effort had been made in the New York cases to reconcile the rule with the New York Civil Practice Act, which like our rules had abolished forms of action. The court then proceeded to examine the several historical reasons generally given for prohibiting punitive damages in equity (the same reasons cited in Orkin, supra) and found that none of those reasons was applicable in view of the New York rules of procedure.
Accordingly, we hold that a judge who sits as the trier of fact in a case involving both legal and equitable claims may award both compensatory and punitive damages, where appropriate, as well as any appropriate equitable relief. It follows, of course, that if either party demands a jury trial on the law aspects of the case and punitive damages are appropriate, the jury may make such an award. This is contrary to the holding in R.C. #17 Corp. v. Korenblit, supra. However, if our foregoing discussion of the law is correct, that feature of the holding in Korenblit is incorrect, as noted in the dissenting opinion therein.
Appellant's other point complains of the court's allowance of attorney's fees. Appellant contends that attorney's fees are recoverable only when authorized by contract, statute or when a fund has been created or brought into court. True, these are the usual occasions upon which we find attorney's fees allowed, and the cases which make that statement are legion. However, there are other instances in which attorney's fees are recoverable, such as wrongful attachment, Bondy v. Royal Indemnity Co., 1938, 134 Fla. 776, 184 So. 241, false imprisonment, City of Miami Beach v. Bretagna, Fla.App. 1966, 190 So.2d 364, and malicious prosecution, Tidwell v. Witherspoon, 21 Fla. 359, and the cases and texts cited in Adler v. Segal, Fla.App. 1959, 108 So.2d 773. Perhaps one might distinguish the three categories usually referred to as pure attorney's fees, or attorney's fees per se, while designating the attorney's fees allowed in the other designated types of action as special damages to compensate for the wrong done. But call it what you will, the essential element going to make up the ultimate verdict is attorney's fees. Having established that there are occasions for allowance of attorney's fees as part of the damages other than in the usual three categories mentioned, we now consider the question of their allowance in a slander of title action. The authority for such an allowance appears in Lehman v. Goldin, Fla. 1948, 36 So.2d 259, wherein the Supreme Court adopted the provisions of the Restatement of the Law of Torts, §§ 624, 625 & 626, providing the circumstances under which one becomes liable for slander of title. Section 633 of the Restatement defines the term "pecuniary loss" contained in the *32 aforesaid sections as including expense of litigation to remove the cloud cast upon the title. See also: 50 Am.Jur.2d Libel and Slander, § 550. Thus, the allowance of attorney's fees was proper.
Accordingly, the judgment of the lower court is affirmed.
OWEN, C.J., and MAGER, J., concur.