328 So.2d 30 (1976)
Myron B. SUSMAN et al., Appellants,
v.
Charles M. SCHUYLER and Kurt Birk et al., Appellees.
Nos. 75-188, 75-189.
District Court of Appeal of Florida, Third District.
February 24, 1976.
Rehearing Denied March 23, 1976.
*31 Joe N. Unger, Miami Beach, for appellants.
Frates, Floyd, Pearson, Stewart, Proenza & Richman, Creel & Glasgow, Miami, Burnett Roth, Miami Beach, for appellees.
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
PER CURIAM.
This matter has previously been before this court and the Supreme Court of Florida. See: Susman v. Schuyler, Fla.App. 1973, 274 So.2d 270; Susman v. Schuyler, Fla. 1973, 277 So.2d 787, wherein it was established that the appellee, Schuyler, had a slander of title action against the appellants, Susman and Rosenblatt, by the approval of the summary judgment as to liability on this cause of action. Subsequent to the matter being returned to the trial court, the cause was tried before a jury on Schuyler's slander of title action and also on the appellees' (Birk and Barnes) cause of action against Susman and Rosenblatt, alleging malicious interference with an advantageous contractual relationship. The matter was submitted to the jury with numerous forms of verdict. The jury returned a verdict for compensatory and punitive damages in favor of Schuyler and against Susman and Rosenblatt on the slander title cause of action. The jury also returned verdicts in favor of Birk and Barnes against Susman and Rosenblatt for both compensatory and punitive damages on their cause of action for malicious interference with an advantageous business relationship. Schuyler moved for attorney fees to be taxed as costs, pursuant to a stipulation of the parties that the matter could be determined by the court. Subsequent to the jury verdict for prosecuting the slander of title suit and removing the cloud on his (Schuyler's) title, the trial judge denied this motion for attorney fees, holding that same were not recoverable.
Susman and Rosenblatt appeal and contend that all the verdicts were erroneous and not supported by the evidence, both as to compensatory and punitive damages. Schuyler cross-appeals, contending error on the part of the trial judge in failure to award him attorney fees as a part of his costs in removing the cloud on his title.
*32 We affirm the verdicts rendered adverse to Susman and Rosenblatt, because we find sufficient competent evidence and reasonable inferences therefrom to support both the verdicts on the slander of title cause of action and the verdicts on the malicious interference with a favorable business relationship. Dade Enterprises, Inc. v. Wometco Theaters, Inc., 119 Fla. 70, 160 So. 209; Lehman v. Goldin, 160 Fla. 710, 36 So.2d 259; Franklin v. Brown, Fla.App. 1964, 159 So.2d 893; Gates v. Utsey, Fla.App. 1965, 177 So.2d 486; Retzky v. J.A. Cantor Associates, Inc., Fla.App. 1966, 192 So.2d 24; Strate v. Strate, Fla.App. 1976, 328 So.2d 29. We also find that the jury was justified in concluding that punitive damages were properly awarded on both claims against both Susman and Rosenblatt. Glusman v. Lieberman, Fla.App. 1973, 285 So.2d 29; Adams v. Whitfield, Fla. 1974, 290 So.2d 49; Dunn v. Shaw, Fla. 1974, 303 So.2d 6.
Turning to the cross-assignment of error, we believe the trial judge erred in denying the attorney fees as part of the costs of removing the cloud from Schuyler's title. See: Glusman v. Lieberman, supra, wherein the following is found:
* * * * * *
"[3-5] Appellant's other point complains of the court's allowance of attorney's fees. Appellant contends that attorney's fees are recoverable only when authorized by contract, statute or when a fund has been created or brought into court. True, these are the usual occasions upon which we find attorney's fees allowed, and the cases which make that statement are legion. However, there are other instances in which attorney's fees are recoverable, such as wrongful attachment, Bondy v. Royal Indemnity Co., 1938, 134 Fla. 776, 184 So. 241, false imprisonment, City of Miami Beach v. Bretagna, Fla.App. 1966, 190 So.2d 364, and malicious prosecution, Tidewell v. Witherspoon, 21 Fla. 359, and the cases and texts cited in Adler v. Segal, Fla.App. 1959, 108 So.2d 773. Perhaps one might distinguish the three categories usually referred to as pure attorney's fees per se, while designating the attorney's fees allowed in the other designated types of action as special damages to compensate for the wrong done. But call it what you will, the essential element going to make up the ultimate verdict is attorney's fees. Having established that there are occasions for allowance of attorney's fees as part of the damages other than in the usual three categories mentioned, we now consider the question of their allowance in a slander of title action. The authority for such an allowance appears in Lehman v. Goldin, Fla. 1948, 36 So.2d 259, wherein the Supreme Court adopted the provisions of the Restatement of the Law of Torts, § 624, 625 & 626, providing the circumstances under which one becomes liable for slander of title. Section 633 of the Restatement defines the term `pecuniary loss' contained in the aforesaid sections as including expense of litigation to remove the cloud cast upon the title. See also; 50 Am.Jur.2d Libel and Slander, § 550. Thus, the allowance of attorney's fees was proper."
* * * * * *
Therefore, the final judgments here under review by the appellants be and the same are hereby affirmed, but the order denying attorney's fees as an item of costs be and the same is hereby reversed and the cause is remanded to the trial court for fixing of an award for attorney's fees, pursuant to the stipulation entered into between the parties and the evidence in the record or such other evidence as the trial judge may desire to hear.
Affirmed in part; reversed in part and remanded with directions.