414 So.2d 255 (1982)
George A. MAASS, Appellant,
v.
Sigurd CHRISTENSEN and Dola Christensen, His Wife, Royal Mariner of Fort Lauderdale, Inc., a Florida Corporation Not for Profit, and Wilma A. Maney, Appellees.
No. 81-422.
District Court of Appeal of Florida, Fourth District.
May 19, 1982.
Curtin R. Coleman of Coleman, Leonard & Morrison, Fort Lauderdale, for appellant.
*256 Robert A. Plafsky of Ruden, Barnett, McClosky, Schuster & Russell, Fort Lauderdale, for appellees-Christensen.
Nancy Little Hoffmann of Nancy Little Hoffmann, P.A., and Todd L. Smith, P.A., Fort Lauderdale, for appellee-Maney.
DELL, Judge.
This appeal involves a controversy between the condominium apartment owners over the rights to parking space number 28 at the Royal Mariner of Fort Lauderdale. Appellant, George A. Maass, the defendant/counterclaimant below, appeals from the court's denial of his claim for slander of title. During oral argument, Maass waived his claim for other damages but maintained his claim to recover attorney fees as part of the cost of removing the cloud from his title.
Appellee, Wilma A. Maney, owned a condominium apartment and three parking spaces numbered 26, 27 and 28. Nelle Jablonka, not a party to this action, owned an apartment and parking space 112, and rented space 28 from Maney. Maney offered her apartment and two unspecified parking spaces for sale. In May, 1977, she entered into a contract to sell her apartment together with parking spaces 27 and 28 to Maass. In June she accepted checks in the amount of $2,000 from Jablonka. One check, in the amount of $500 and dated June 4, 1977, contains the notation "Par. payment on Space # 28," and the other check, for $1,500 and dated June 6, 1977, contains the notation "Sale of Garage Space # 28." Jablonka testified that she bought space 28 on June 6. It thus appears that on that date, Maney had sold the same parking space twice. The condominium by-laws provided that:
At the time of purchase of member's unit, member was irrevocably assigned the parking space or spaces bearing the same number designation as set forth in such written assignment of parking ... [H]e can sell, assign and convey all additional spaces ... to another apartment owner; provided, however, that such assignment is in writing and an executed copy of same is provided to the Directors of the Association for permanent records... .
Maney did not execute the required written assignment of parking space 28 to Jablonka. In July, the Maney-Maass sale closed. These closing documents did include an executed assignment of spaces 27 and 28 to Maass, which was recorded. In September the appellees, Sigurd and Dola Christensen, entered into a contract with Jablonka to purchase her apartment together with parking spaces 112 and 28. Three days after entering into this contract, the Christensens received a letter from Jablonka's listing broker which advised them that an error appeared in the contract, and that in rechecking this with Royal Mariner, the broker found that "the records showed 112 and 26."[1] The Christensens submitted the required application for approval to buy the apartment with spaces 112 and 26 to Royal Mariner, which approved them. The Christensens admitted in their answer to request for admissions, and Mr. Christensen testified at trial, that they knew Maney had assigned space 28 to Maass before they closed their transaction with Jablonka. Notwithstanding this knowledge, the Jablonka-Christensen sale closed in November and thereafter the Christensens engaged in a vigorous effort to create paper title to space 28 in themselves. They obtained a letter from Maney stating that Jablonka purchased space 28 on June 8, 1977. Jablonka provided a bill of sale for space 28 which the Christensens recorded December 16, 1977, and Jablonka executed an assignment of space 28 to the Christensens. They wrote Maass and the manager of the Royal Mariner and asserted ownership in space 28. They prepared an assignment from Maney to Jablonka bearing the date June 8, 1977, which Maney signed, and they filed suit against Maass for recission and cancellation of the assignment of space 28 to Maass. *257 Maass counterclaimed against the Christensens and filed a third party suit against Maney for indemnification. The trial court held that Maass owned space 28 but denied his counterclaim for slander of title, finding no fraud or malice on the part of any party. The court ordered each party to bear his own attorney fees and assessed costs against Maney.
Maass presents one issue on appeal: whether the trial court erred in ordering each party to bear his own attorney fees. He argues first that since the trial court found that Maney caused the controversy by her initial failure to execute the proper conveyance documents, Maass may look to her for his attorney fees under his claim for indemnity. Secondly, Maass argues that the trial court should have found in his favor on the slander of title action, entitling him to collect his attorney fees from the Christensens as part of the cost of removing the cloud from his title.
We find no merit in Maass' claim for indemnity against Maney. Because the trial court held Maass not liable to the Christensens, Maney's alleged obligation to indemnify never arose. See Seaboard Air Line Ry. v. American District Electric Protective Co., 106 Fla. 330, 143 So. 316 (1932); Chappell v. Scarborough, 224 So.2d 791 (Fla. 1st DCA 1969). Maass falls outside the limited exception created by Pender v. Skillcraft Industries, Inc., 358 So.2d 45 (Fla. 4th DCA 1978), which dealt with a significantly different set of facts. Nor does Maass establish an independent basis for indemnification. Thus, no basis exists to award attorney fees in favor of Maass against Maney.
Before reaching the merits of Maass' next point we shall discuss a more general matter: that is, whether, under the facts and circumstances of this case, a slander of title action will lie against one who claims an adverse interest in a condominium parking space.
One who, without a privilege to do so, publishes matter which is untrue and disparaging to another's property, in land, chattels or intangible things under such circumstance as would lead a reasonable man to foresee that the conduct of a third person or lessee thereof might be determined thereby is liable for pecuniary loss resulting to the other from the impairment of vendibility thus caused.
Restatement of Torts § 624 (1938) as adopted in Lehman v. Goldin, 160 Fla. 710, 36 So.2d 259 (Fla. 1948). Any kind of legally protected interest in land, chattels or intangible things may be disparaged if the interest is transferable, and the cause of action will lie not only in the case of true "ownership" in the classic sense, but also where the property interest consists of a mortgage, lease, easement, reversion or remainder. Restatement of Torts § 624, Comment c (1938).
Article III of the Declaration of Condominium defines common elements as all portions of the condominium property not included in the units, including those inside parking spaces which are not subject to exclusive private use as assigned by the Association. This definition clearly exempts Space 28 from the common elements. The declaration defines units as that part of the condominium property subject to private ownership. The Declaration, By-Laws, and Rules and Regulations variously refer to the interest held in a parking space as an "irrevocable assignment," a "sale, lease or transfer," and "exclusive use." Thus, it is unclear whether the parking space is part of the unit, or something else.[2] Since all documents we have examined tie assigned parking spaces to apartment ownership, we conclude that at the very least this space is an appurtenance to the apartment. Although the Maney-Maass deed does not mention parking spaces, as appurtenances spaces 27 and 28 passed to Maass by deed as an incident to his purchase of the apartment. 19 Fla.Jur.2d Deeds § 154. Thus disparagement of *258 Maass' interest in parking space 28 constitutes disparagement of the apartment, as alleged in Maass' counterclaim.
Maass argues that the trial court should have found in his favor and awarded him attorney fees against the Christensens. We have held that attorney fees are recoverable in a slander of title action because part of the pecuniary loss includes the expense of litigation to remove the cloud cast upon the title. Glusman v. Lieberman, 285 So.2d 29 (Fla. 4th DCA 1973). Malice in this cause of action means lack of legal justification and is presumed if the disparagement is unprivileged. Only if the defendant speaks under circumstances supporting a privilege must the plaintiff prove actual malice. Gates v. Utsey, 177 So.2d 486 (Fla. 1st DCA 1965).
Maass proved all elements of his prima facie case, and the Christensens do not contend otherwise on appeal. They argue only that they acted under circumstances supporting a privilege. Privilege, however, is an affirmative defense which the Christensens did not raise in their answer to Maass' counterclaim. Thus, no legal basis existed to enter judgment against Maass.
Assuming, arguendo, the parties tried the issue of privilege by consent, circumstances of privilege do not appear.[3] The mere notation "Space 28" on the checks from Jablonka to Maney does not rebut the presumption of malice, especially in view of the Christensens' admitted knowledge of Maass' interest in space 28 and their attempts to create paper title in themselves.
We reverse the judgment of the trial court as to Maass' action against the Christensens and remand the cause with directions to hold an evidentiary hearing on attorney fees, and enter judgment therefor in favor of Maass. In all other respects, we affirm the judgment of the trial court.
AFFIRMED IN PART, REVERSED IN PART, REMANDED WITH DIRECTIONS.
HERSEY, J., concurs.
BERANEK, J., dissents with opinion.
BERANEK, Judge, dissenting:
I respectfully dissent. This appeal boils down to a question of attorneys' fees after a complex condominium controversy over a parking space. The controversy was solely internal in that it was among the condominium unit owners. It is my view that traditional concepts of real property law are not necessarily applicable in every technical respect to the condominium concept of ownership created by virtue of Florida Statutes, Chapter 718. I would thus affirm the denial of attorneys' fees.
NOTES
[1] We find no record of assignment of space 26 from Maney to Jablonka. How the broker determined that Jablonka owned space 26 rather than 28 is unclear. However, the parties do not complain or address this issue.
[2] It appears the condominium documents were executed before the enactment of Chapter 718, Florida Statutes (Supp. 1976), so the statutory definition "limited common elements," § 718.103(14), does not apply.
[3] Maass denies this assertion by the Christensens, and nothing appears in the record to support it. The Christensens did not move to amend the pleadings to conform to the evidence, Florida Rule of Civil Procedure 1.190(b), nor does the final judgment indicate that this issue was before the court below.