436 So.2d 182 (1983)
Gerald R. COLEN, Trustee, Appellant,
v.
William G. PATTERSON and Helen S. Patterson, Appellees.
No. 82-1025.
District Court of Appeal of Florida, Second District.
April 22, 1983.
Rehearing Denied May 31, 1983.
Eula Tuttle Mason, St. Petersburg, for appellant.
Ira M. Seidler, St. Petersburg, for appellees.
LEHAN, Judge.
This is an appeal from a final judgment removing a cloud from title to real estate. The cloud was alleged to consist of an agreement between appellees and appellant's assignor which was recorded by appellant. It was characterized by appellant as an option and by appellees as a first right of refusal. The agreement in pertinent part reads:
For and in consideration of $10.00 and other good and valuable considerations, receipt of which is hereby acknowledged, I, HEREBY Grant unto MAITLAND F. KNAPP, Trustee, first right of refusal for purchase of Cobb Building [legal description omitted] for the total consideration of $675,000.00, paying $175,000.00 down and balance in the form of wrap around purchase money mortgage at current interest rates prevailing at time of closing on a twenty-five (25) year amortization schedule.
Whether the agreement is technically labeled an option or a right of first refusal, it was of indefinite duration and contained a fixed price. Such an agreement constitutes an unreasonable restraint on alienation. Iglehart v. Phillips, 383 So.2d 610 (Fla. 1980). The trial court properly found the agreement to be invalid and unenforceable.
Appellant also appeals from the trial court's judgment awarding to appellees their attorney's fees. The second count of appellees' complaint asked for damages *183 resulting from appellant's slander of appellees' title. Under these circumstances, appellees' attorney's fees are treated as a pecuniary loss properly recoverable by the party removing an impediment from title by court action. Lehman v. Goldin, 160 Fla. 710, 36 So.2d 259 (Fla. 1948); Glusman v. Lieberman, 285 So.2d 29 (Fla. 4th DCA 1973); Susman v. Schuyler, 328 So.2d 30 (Fla. 3d DCA 1976). Proof of malice is unnecessary to support a slander of title action if the act constituting disparagement is unprivileged. Maass v. Christensen, 414 So.2d 255 (Fla. 4th DCA 1982); Gates v. Utsey, 177 So.2d 486 (Fla. 1st DCA 1965). Privilege is an affirmative defense. Maass, 414 So.2d at 258. Privilege was not raised in this case, nor do we conclude that it was applicable under the facts as presented to us.
Accordingly, the judgment is affirmed.
HOBSON, A.C.J., and RYDER, J., concur.