# CELI v. JONES

Case No. 84-5609-AP

Eighteenth Judicial Circuit, Appellant Division, Brevard County

December 6, 1984

## APPEARANCES OF COUNSEL

**Chad McClenathen** for appellant.

**Richard A. Manzo** for appellee.

## OPINION OF THE COURT

HARRIS, JOHNSON, WOODSON, JJ.

PER CURIAM.

Appellant, an employment agency, sued Appellee for breach of a contract in which Appellee agreed:

"If I default in any way, I am liable for the full fee, including interest charges, all collection, Court costs, and reasonable attorney's fees incurred by The Job Place, Inc."

Appellee prevailed in the action and the trial court assessed $900.00 in attorney's fees against Appellant.

It is clear that attorney's fees are generally recoverable only when

authorized by contract, statute, or when a fund has been created or brought into Court. They may be recoverable as a part of damages in actions such as wrongful attachment, false imprisonment, malicious prosecution or slander of title. See *Glusman v. Lieberman*, 285 So.2d 29 (Fla. 4th DCA 1973). They may also be recoverable in indemnity action (contractual and non-contractual). See cases gathered at 12 Fla.Jur.2d, Contribution, Indemnity and Subrogation, Sec. 15.

While a unilateral obligation for attorney's fees may, by statute, authorize a court to construe the obligation bilaterally (See Section 83.756, Florida Statutes) such statutory authorization is not present here. The award of attorney's fees by the trial court in this action has no legal basis in Florida law. While the Court was motivated by a perceived sense of fairness, Courts are not free to make new contracts for parties.

The award of attorney's fees is reversed.

HARRIS, JOHNSON, WOODSON, JJ. concur.