664 So.2d 1068 (1995)
Daniel M. EDGAR and J. Michael Ward, Appellants,
v.
CAPE CORAL MEDICAL CENTER, INC., a Florida Corporation, and National Life Insurance Company of Vermont, a Vermont Corporation, Appellees.
No. 95-00681.
District Court of Appeal of Florida, Second District.
December 1, 1995.
*1069 Alan P. Woodruff of Alan P. Woodruff & Associates, P.A., Cape Coral, for Appellants.
James M. Landis and Randall W. Lord of Foley & Lardner, Tampa, for Appellee Cape Coral Medical Center, Inc.
No appearance for Appellee National Life Insurance Company of Vermont.
PATTERSON, Judge.
The appellants, Daniel M. Edgar and J. Michael Ward, challenge the final order which dismisses their first amended complaint against the appellees, Cape Coral Medical Center, Inc. (the Hospital), and National Life Insurance Company of Vermont, Inc. (National Life), with prejudice. We affirm in part and reverse in part.
The appellants are former employees of the Hospital. During the appellants' employment, the Hospital purchased life insurance policies issued by National Life for them. The Hospital distributed the life insurance policies to the appellants as deferred compensation under their early retirement plan. When the Hospital terminated the appellants' employment on June 8, 1994, the Hospital wrote to National Life claiming that the life insurance policy assignments were only intended to be "conditional" and that, because the appellants had not complied with certain obligations, the policy assignments were void and the policies should be returned to the Hospital.
The appellants filed a complaint on July 6, 1994, against the Hospital and National Life, claiming ownership of the insurance policies. On July 29, 1994, National Life filed a counterclaim for interpleader. The trial court subsequently granted National Life's motion to interplead. On November 8, 1994, the trial court dismissed the appellants' initial complaint.
On November 22, 1994, the appellants filed their first amended complaint. The amended complaint sought: count I, a determination that the appellants are the owners of the life insurance policies; count II, specific performance; count III, damages for the Hospital's conversion of the life insurance policies; count IV, damages for the Hospital's tortious interference with the contracts between the appellants and National Life; count V, punitive damages; and count VI, attorney's fees under sections 57.105, 86.081, 448.08, or 532.02, Florida Statutes (1993). On January 18, 1995, the trial court entered an order dismissing the appellants' first amended complaint with prejudice. The appellants challenge that order on appeal.
The trial court did not err in dismissing count I (seeking declaratory judgment) and count II (seeking specific performance) since these causes of action will be resolved in the parties' federal court case[1] or in the interpleader action. However, the dismissal of these counts must be without prejudice to avoid the possibility of establishing the law of the case or making the ruling res judicata in the parties' parallel actions.
The trial court erred in dismissing counts III and IV since they adequately state causes of action for conversion and tortious interference. The trial court did not err in dismissing count V which requests punitive damages; however, the dismissal should also have been without prejudice. Count VI was properly dismissed since the appellants are not entitled to attorney's fees under the statutes alleged in the complaint. We note however, that a request for attorney's fees under section 57.105 may be renewed at any time.
Accordingly, we affirm the dismissal of count VI with prejudice; we reverse the dismissal of counts I, II, and V, with prejudice and remand for the trial court to dismiss *1070 those counts without prejudice; and we reverse the dismissal of counts III and IV.
Affirmed in part, reversed in part, and remanded.
SCHOONOVER, A.C.J., and QUINCE, J., concur.
NOTES
[1] Daniel M. Edgar and J. Michael Ward v. Cape Coral Medical Center, United States District Court, Middle District of Florida, Case No. 94-192-CIV-FTM-23D.