890 So.2d 246 (2004)
Dallas G. PRICE, et ux., Petitioners,
v.
Avery L. TYLER, et al., Respondents.
No. SC02-1953.
Supreme Court of Florida.
October 28, 2004.
Rehearing Denied December 22, 2004.
*248 Keith T. Grumer of Grumer and Levin, P.A., Ft. Lauderdale, FL, for Petitioner.
Thomas R. Bolf of Ruden, McCloskey, Smith, Schuster and Russell, P.A., Ft. Lauderdale, FL, for Respondent.
LEWIS, J.
We have for review Tyler v. Price, 821 So.2d 1121 (Fla. 4th DCA 2002), which expressly and directly conflicts with the decision in Saporito v. Madras, 576 So.2d 1342 (Fla. 5th DCA 1991).[1] We have jurisdiction pursuant to article V, section 3(b)(3) of the Florida Constitution. See art. V, § 3(b)(3), Fla. Const. We approve the decision under review for the reasons set forth in our analysis below and disapprove Saporito to the extent it conflicts with our analysis here.

FACTS AND PROCEDURAL HISTORY
The instant action arises from a reversal of the trial court's final judgment awarding the petitioners ("the Prices") attorneys' fees. See Tyler, 821 So.2d at 1126. This action involves four parcels of property. See id. at 1123. Parcel A is a marina presently owned by the respondents ("the Tylers"). See id. Parcel B is a mobile home park presently owned by the Prices. See id. Over the northwest portion of parcel B is a twenty-five-foot roadway easement granted to parcel A ("the easement"). See id. To the east of this easement exists a trapezoid-shaped parcel of land ("the trapezoid parcel"), which leads to the marina basin. See id. Prior to 1962, Charles and Ruth Snyder owned all of the property involved in this action. See id. In 1962, the Snyders sold parcel B to Ravenswood, Inc., and the parties executed an agreement reserving the easement in favor of parcel A. See id. at 1124. The parties agreed that parcel A could not be used in a way that would create a nuisance to parcel B. See id. In addition, the agreement provided that the Snyders would convey the trapezoid parcel to Ravenswood if they ever sold parcel A. See id. In 1963, Ravenswood sold parcel B to Stanley and Maria Klosinski. As a result of Stanley's death, Maria Klosinski obtained sole ownership of the property. See id.
In 1972, the Snyders executed a lease and option to purchase parcel A, excluding the trapezoid parcel, to the Tylers. See id. In 1975, the Tylers exercised this option and purchased the property. See id. Notwithstanding that the recorded 1962 agreement required the Snyders to convey the trapezoid parcel to Ravenswood, or its assigns, in the event that parcel A was sold, no such conveyance was made. See *249 id. Thus, title to the trapezoid parcel remained with the Snyders. See id.
In 1989, Gustavo Passerelli purchased parcel B from Klosinski, subject to the easement and a purchase money mortgage. See id. The same year Passerelli also purchased parcel A, the legal description for which included the trapezoid parcel, from the Tylers, also subject to a purchase money mortgage. See id. Passerelli failed to make payments on both mortgages, and both Klosinski and the Tylers foreclosed on their mortgages, securing judgments of foreclosure. See id. The certificate of title issued by the court to the Tylers included parcel A and the trapezoid parcel. See id. The certificate of title to Klosinski included parcel B. See id. Klosinski then sold parcel B to the petitioners, Dallas and Angela Price. See id.
In 1998, the Prices filed an action against the Tylers seeking termination of the easement, alleging that it was personal to the Snyders, and also requesting the entry of a judgment declaring that they had exclusive use and possession of the trapezoid parcel pursuant to the 1962 agreement. See id. The Prices subsequently amended their complaint to seek damages, alleging that the marina located on parcel A was a nuisance to parcel B. See id. The Tylers answered and counterclaimed for declaratory relief, requesting that the court declare the easement to be perpetual and running with the land. See id. The Tylers also requested that the court either declare a prescriptive easement in both the easement and the trapezoid parcel, or quiet title to the trapezoid parcel in them based upon the certificate of title they acquired when they foreclosed Passerelli's mortgage. See id. After the action was filed, Charles Snyder, as surviving owner, transferred his interest in the trapezoid parcel to the Prices. See id. at 1125.
In the final judgment quieting title, the trial court determined that the easement had been extinguished in 1989 when Passarelli acquired both parcel A and parcel B. Regarding the trapezoid parcel, the trial court found that when the Snyders sold parcel A to the Tylers in 1975, the 1962 agreement obligated the Snyders to convey the trapezoid parcel to the Prices' predecessor in title. Therefore, the Prices' predecessors had obtained equitable title, which the Snyders held in trust. When the Snyders transferred legal title in 1998, combining it with the equitable title, the Prices acquired sole title to the trapezoid parcel. Based on this reasoning, the trial court quieted title in the Prices and ejected and ousted the Tylers from the easement and the trapezoid parcel. The trial court awarded costs and attorneys' fees to the Prices pursuant to the final judgment quieting title.
On appeal, the Fourth District reversed the trial court's determination that the easement had been extinguished, but affirmed the judgment insofar as it quieted title to the trapezoid parcel of land in the Prices. See Tyler, 821 So.2d at 1126. In addition, the Fourth District reversed the award of attorneys' fees granted to the Prices in their quiet title action. See id. In reversing the award of attorneys' fees, the Fourth District stated:
The Prices did not request attorney's fees in their pleadings. See Stockman v. Downs, 573 So.2d 835, 837-38 (Fla.1991). While the Prices claim that they did not have to plead attorney's fees based upon Glusman v. Lieberman, 285 So.2d 29, 31-32 (Fla. 4th DCA 1973), in which this court held that attorney's fees were considered part of the damages in a slander of title case, the Prices did not allege a slander of title claim. Instead, they *250 sued for declaratory judgment, and the court entered a judgment quieting title. Neither type of action permits the recovery of attorney's fees absent a contractual provision or a statute authorizing the same. Moreover, attorney's fees in slander of title cases are considered "special damages." See Bloom v. Weiser, 348 So.2d 651, 653 (Fla. 3d DCA 1977). Florida Rule of Civil Procedure 1.120(g) states, "[w]hen items of special damage are claimed, they shall be specifically stated." Thus, the Prices are not entitled to attorney's fees.
Tyler, 821 So.2d at 1126 (emphasis added).
The Prices sought review of the Fourth District's decision with regard to the extinguishment of the easement and the award of attorneys' fees. On April 14, 2003, this Court granted review of the Fourth District's decision. See Price v. Tyler, 842 So.2d 845, 845 (Fla.2003) (table).[2]

ANALYSIS
The primary issue in the instant action is whether the Prices are entitled to recover attorneys' fees as the prevailing party in the quiet title action. Our legal precedent in this area of the law is reasonably clear. As this Court has determined, "[A]ttorney's fees incurred while prosecuting or defending a claim are not recoverable in the absence of a statute or contractual agreement authorizing their recovery." Bidon v. Dep't of Prof'l Regulation, 596 So.2d 450, 452 (Fla.1992). In addition, this Court in Pepper's Steel & Alloys, Inc. v. United States, 850 So.2d 462 (Fla.2003), reaffirmed the general rule that "[u]nder Florida law, each party generally bears its own attorneys' fees unless a contract or statute provides otherwise." Id. at 465; see also State Farm Fire & Cas. Co. v. Palma, 629 So.2d 830, 832 (Fla.1993) ("This Court has followed the `American Rule' that attorney's fees may be awarded by a court only when authorized by statute or by agreement of the parties."); Florida Patient's Comp. Fund v. Rowe, 472 So.2d 1145, 1148 (Fla.1985) (recognizing that this Court has adopted "the `American Rule' that attorney fees may be awarded by a court only when authorized by statute or by agreement of the parties"); Kittel v. Kittel, 210 So.2d 1, 3 (Fla.1967) ("It is an elemental principle of law in this State that attorney's fees may be awarded a prevailing party ... (1) where authorized by contract; [and] (2) where authorized by a constitutional legislative enactment;...."). Therefore, pursuant to controlling authority, the Prices are only entitled to attorneys' fees if a statute or contract provides for such fees.
In the decision below, the Fourth District pursuant to our precedent correctly determined that attorneys' fees are not recoverable in declaratory relief or quiet title actions, absent an independent statutory or contractual basis. See Tyler, 821 So.2d at 1126. The Prices rely, however, on the Fifth District's decision in Saporito in asserting their entitlement to attorneys' fees. In Saporito, the district court affirmed the award of attorneys' fees stating it was following "the trend of decisions upholding an award of attorney's fees as damages in suits to quiet title or remove a cloud from title." Saporito, 576 So.2d at 1345 (emphasis added) (citing Susman v. Schuyler, 328 So.2d 30 (Fla. 3d DCA 1976); and Glusman v. Lieberman, 285 So.2d 29 (Fla. 4th DCA 1973)). However, contrary *251 to the Fifth District's reasoning in Saporito that it was following the trend of decisions upholding an award of attorneys' fees as damages in suits to quiet title or remove a cloud from title, the trend of decisions in Florida referred to which uphold attorneys' fees as damages actually involved slander of title actions, see Susman, 328 So.2d at 32; Glusman, 285 So.2d at 31, which were tort actions in which damages are recoverable, not actions to quiet title, such as the instant case, which are equitable actions in which damages are not generally recoverable.
To the extent that the Prices interpret Saporito as equating attorneys' fees with compensatory damages, the argument is misdirected. This Court has specifically addressed whether "actual or compensatory damages ... includ[e] attorney's fees," explaining:
Actual or compensatory damages are those amounts necessary to compensate adequately an injured party for losses sustained as the result of a defendant's wrongful or negligent actions. However, the general rule is that attorney's fees incurred while prosecuting or defending a claim are not recoverable in the absence of a statute or contractual agreement authorizing their recovery. Thus, in general, actual or compensatory damages are not defined as including attorney's fees.
Bidon, 596 So.2d at 452 (footnote and citations omitted); see also Kushner v. Engelberg, Cantor & Leone, P.A., 750 So.2d 33, 37 (Fla. 4th DCA 1999).[3] Therefore, the contention of the Prices that attorneys' fees are a proper element of compensatory damages awarded in this action is without merit because "actual or compensatory damages are not defined as including attorney's fees." Bidon, at 596 So.2d at 452. Further, attorneys' fees were never pled as a part of the claim presented for litigation in this case and such fees do not simply flow as a matter of course from an equitable action to quiet title. See 65 Am.Jur.2d Quieting Title § 2 (2001) ("A party seeking to remedy a cloud on his or her title may ... bring a quiet title action, which is an equitable action for which damages are not available...."). Therefore, the Prices are not entitled to attorneys' fees on this basis.
Today, we reaffirm and reiterate our well-established rule that under Florida law, each party is responsible for its own attorneys' fees unless a contract or statute provides otherwise, and specifically hold that this rule is applicable to quiet title actions. Turning to the facts of the instant case, there is no contract authorizing the award of attorneys' fees. The Prices, therefore, are only entitled to attorneys' fees in this case if a statute provides a basis for such fees. An examination of the statutory provisions even remotely implicated in this action, section 86.081, Florida Statutes (2001) (costs in declaratory judgment actions); section 65.061, Florida Statutes (2001) (quiet title actions); and section 57.041, Florida Statutes (2001) (costs in civil actions), affords no such remedy.
First, the Prices filed an action for declaratory relief. The purpose of a declaratory judgment is to determine the rights and duties of the parties without the need to resort to a tort or contract action as a prerequisite to a judicial determination. *252 See Watson v. Claughton, 160 Fla. 217, 34 So.2d 243, 245 (1948) (en banc). Section 86.081 of the Florida Statutes governs the award of costs available in these declaratory judgment actions, and provides that the circuit court may award such "costs" as are equitable. See § 86.081, Fla. Stat. (2001). However, "costs" are not generally understood as including attorneys' fees. See Wiggins v. Wiggins, 446 So.2d 1078, 1079 (Fla.1984); see also Edgar v. Cape Coral Med. Ctr., Inc., 664 So.2d 1068, 1069 (Fla. 2d DCA 1995) (holding appellants were not entitled to attorney's fees under section 86.081, Florida Statutes (1993)); Suwannee County v. Garrison, 417 So.2d 1070, 1071 (Fla. 1st DCA 1982) (holding that "[s]ection 86.081, providing specifically for the award of costs, makes no provision for, and cannot be expanded to include, attorney's fees"); Harris v. Richard N. Groves Realty, Inc., 315 So.2d 528, 529 (Fla. 4th DCA 1975) (same). Additionally, it is long-established that
[t]here is no general or controlling provision or principle of law to the effect that attorney fees that may by statute be recovered by the winning party against the losing party in a suit or action, are, or should be regarded as, costs in the case.
Such attorney fees are recoverable only when provided for by law or by contract....
State ex rel. Royal Ins. Co. v. Barrs, 87 Fla. 168, 99 So. 668, 669 (1924). The Prices, therefore, are not entitled to attorneys' fees as costs under the statutory provision applicable in actions for declaratory relief.
Second, the trial court entered a judgment quieting title.[4] The pleadings demonstrate that both the Prices and the Tylers requested that the trial court equitably quiet title to the trapezoid parcel of land. An action to quiet title is an equitable proceeding. See McDaniel v. McElvy, 91 Fla. 770, 108 So. 820, 828 (1926) ("Jurisdiction over proceedings to quiet title ... is inherent in courts of equity."). An equitable action requires equitable relief. Section 65.061 of the Florida Statutes governs quiet title actions. See § 65.061, Fla. Stat. (2001). Pursuant to section 65.061 of the Florida Statutes, the court had jurisdiction to "enter judgment quieting the title and awarding possession to the party entitled thereto." § 65.061(1), Fla. Stat. (2001). Section 65.061 does not authorize the award of damages and attorneys' fees, and therefore the Prices have no statutory entitlement to such fees under this chapter.
Finally, in its final judgment quieting title, the trial court cited only section 57.041 of the Florida Statutes in awarding the Prices attorneys' fees in addition to the costs expended. This was in error. Section 57.041 provides:
57.041 Costs; recovery from losing party. 
(1) The party recovering judgment shall recover all his or her legal costs and charges which shall be included in the judgment; but this section does not apply to executors or administrators in actions when they are not liable for costs.
(2) Costs may be collected by execution on the judgment or order assessing costs.
*253 § 57.041, Fla. Stat. (2001). In this action, the trial court should not have included attorneys' fees as "costs" because section 57.041 does not include attorneys' fees in the definition of litigation costs. See Wiggins, 446 So.2d at 1079 ("[T]he term `costs' is not generally understood as including attorney's fees."). Based on the foregoing, we hold that under the facts of this case, there is no contract, statute or other basis authorizing the Prices to recover attorneys' fees.
We agree with the Fourth District's decision below that "[n]either type of action [declaratory relief actions nor actions to quiet title] permits the recovery of attorney's fees absent a contractual provision or a statute authorizing the same." Tyler, 821 So.2d at 1126. To the extent the Fifth District's opinion in Saporito can be interpreted to permit an award of attorneys' fees as general compensatory damages or costs in either type of action, we disapprove Saporito.

CONCLUSION
In accordance with the above analysis and conclusions, we approve the decision of the Fourth District below, Tyler v. Price, 821 So.2d 1121 (Fla. 4th DCA 2002), and disapprove Saporito v. Madras, 576 So.2d 1342 (Fla. 5th DCA 1991), to the extent it conflicts with this opinion.
It is so ordered.
PARIENTE, C.J., and WELLS, ANSTEAD, QUINCE, CANTERO, and BELL, JJ., concur.
NOTES
[1] The petitioner initially sought review based on conflict between the decision below and the decisions in both Saporito and Susman v. Schuyler, 328 So.2d 30 (Fla. 3d DCA 1976). In Susman, the Third District held that the allowance of attorneys' fees was proper "as part of the costs of removing the cloud from [the appellee's] title ... in a slander of title action." 328 So.2d at 32. Unlike Susman, the instant action does not involve a slander of title action, and Susman did not address whether attorneys' fees are recoverable in a quiet title action, which is the type of action presented here. For this reason, the instant decision is not in conflict with Susman.
[2] Although the petitioner also sought review in this Court with regard to the Fourth District's decision to extinguish the easement, there was no express and direct conflict between the decision below and the decisions presented by the petitioners in their jurisdictional briefs on the issue of extinguishing the easement. Accordingly, we exercise our discretion that this issue not be addressed herein.
[3] In Bidon, this Court recognized an exception to this general rule, concluding "that attorney's fees may be considered an element of damages in cases in which the wrongful act of the defendant has caused the plaintiff to become involved in litigation with third parties. See generally 22 Am.Jur.2d Damages § 616 (1988)." 596 So.2d at 452 n. 3. This exception is not applicable in the instant action.
[4] Notwithstanding that the Prices initially filed an action for declaratory relief, the trial court entered a judgment that quieted title. In an action for declaratory relief, the court has the power to afford as full and complete equitable relief as it would have had if such proceeding had been instituted as an equitable action, such as a quiet title action. See § 86.111, Fla. Stat. (2001). For this reason, the Fourth District was correct in affirming the final judgment as the circuit court had the power to enter a judgment quieting title.