NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0281n.06

No. 15-3526

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| BEEPER VIBES, INC., | ) | **FILED**<br>May 24, 2016<br>DEBORAH S. HUNT, Clerk |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SIMON PROPERTY GROUP, INC., BOYNTON- | ) | ON APPEAL FROM THE |
| JCP ASSOCIATES, LTD., CORAL-CS/LTD. | ) | UNITED STATES DISTRICT |
| ASSOCIATES, SDG DADELAND ASSOCIATES, | ) | COURT FOR THE SOUTHERN |
| INC. TRUSTEE, KEYSTONE-FLORIDA | ) | DISTRICT OF OHIO |
| PROPERTY HOLDING CORP., SUNRISE MILLS | ) | |
| LIMITED PARTNERSHIP, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

Before: KETHLEDGE and WHITE, Circuit Judges; COHN, District Judge.[*]

KETHLEDGE, Circuit Judge. This is a commercial landlord-tenant case that comes to us for a second time. In the first appeal we affirmed the district court's judgment in favor of the landlord defendants against their tenant Beeper Vibes. *See Beeper Vibes, Inc. v. Simon Prop. Grp., Inc.*, 600 F. App'x 314, 321 (6th Cir. 2014). This appeal concerns the court's award of attorney's fees and costs. Again we affirm the district court's judgment.

Beeper Vibes is an Ohio-based company that sells cellphones from kiosks in malls throughout the Midwest. In 2010, the company decided to expand into Florida. To that end,

---

[*]The Honorable Avern Cohn, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

Beeper's vice president met with representatives from Simon Property Group—the authorized agent for five Florida landlords of mall space—and executed leases for kiosks in the Boynton Beach, Coral Square, Galleria Fort Lauderdale, Sawgrass Mills, and Dadeland malls.

The kiosks performed poorly and Beeper eventually pulled its merchandise from them. Beeper then sued Simon and the landlords for conversion and fraud in the inducement, seeking compensatory damages from the defendants, jointly and severally, and punitive damages from both Simon and Boynton Beach. R. 1, PageID 12. The landlords counterclaimed for breach of contract. The defendants thereafter jointly moved for summary judgment, which—on April 2, 2013—the district court granted as to all of Beeper's claims. The district court then conducted a bench trial on the defendants' counterclaims, after which the court awarded damages under the leases for Coral Square, Galleria, and Sawgrass Mills, but not under the leases for Boynton Beach and Dadeland. Both sides appealed and we affirmed. *See Beeper Vibes*, 600 F. App'x at 321.

Thereafter, back in the district court, the defendants sought an award of fees and costs pursuant to certain provisions in their lease agreements. The district court awarded the defendants all of their fees and costs for work performed before April 2, 2013—the date on which the court had granted summary judgment to the defendants as to Beeper's claims. The district court awarded the defendants 26% of their fees and costs for work performed after that date, reasoning that the defendants had recovered only 26% of the amount sought in their counterclaims.

We review the court's award of fees and costs for an abuse of discretion. *See Hometown Folks, LLC v. S & B Wilson, Inc.*, 643 F.3d 520, 533 (6th Cir. 2011). Under Florida law, attorney's fees generally are not recoverable "in the absence of a statute or contractual agreement

authorizing their recovery." *Price v. Tyler*, 890 So. 2d 246, 251 (Fla. 2004). And any fee award must be reasonable. *First Baptist Church of Cape Coral, Florida, Inc. v. Compass Const., Inc.*, 115 So. 3d 978, 982 (Fla. 2013).

Here, the district court awarded fees on the basis of a contractual obligation. As Beeper points out, only three of the defendants—the landlords for the Coral Square, Galleria, and Sawgrass Mills malls—recovered damages under their leases. Two of those landlords—Galleria and Sawgrass Mills—undisputedly had fee-recovery provisions in their lease agreements, but Beeper argues that Coral Square did not. Thus, Beeper argues, the fee award should be reduced to some extent.

Beeper is probably right about its reading of Coral Square's lease—it provides for an award of "damages" and "costs" but not "fees"—but the point makes no difference to the outcome here. Under Florida law, when claims share a "common core" of facts and "related legal theories," a party entitled to fees for work on one claim is entitled to its fees for work on all the claims. *Chodorow v. Moore*, 947 So. 2d 577, 579 (Fla. Dist. Ct. App. 2007). Beeper sued the defendants jointly and severally for fraud and then asserted fraud as a defense to the defendants' counterclaims. Meanwhile, the defendants themselves jointly litigated all of the issues in the case. Suffice it to say that we think the district court was right to treat as intertwined not only Beepers' claims against the various defendants, but also the various defendants' counterclaims against Beeper. Work done for any of these defendants, therefore, was work done for all of them. The Galleria and Sawgrass Mills leases, standing alone, thus support the full amount of the district court's fee award.

Beeper next argues that the defendants should not recover any fees because only Simon was billed for them and Simon was not even a party to any of the lease agreements. (Simon was

instead an agent for the landlords.) That one party paid fees on behalf of several parties, however, does not limit the parties to whom the court may award fees under Florida law. *See Hart v. City of Groveland*, 919 So. 2d 665, 667-68 (Fla. Dist. Ct. App. 2006).

Finally, Beeper argues that the defendants recovered only 22% of the amount they sought on their counterclaims, not 26%, and that the fee award should be reduced accordingly. We disagree: the district court calculated its percentage based on the amount the defendants sought after trial rather than the amount they claimed earlier in the case. The court was within its discretion to do so.

The district court did not abuse its discretion in any respect. The court's judgment is affirmed.

**AVERN COHN, District Judge, concurring.** As I read the record starting with the district judge's summary judgment decision, this case involves six separate leases for retail space in five separate shopping malls. One of the leases provided for the landlord recovering attorney fees and expenses (labeled "costs" in the lease) should it be forced to bring suit for rent recoupment. The case began with a claim for damages for fraud by the tenant. The landlords counterclaimed for unpaid rent, seeking in the aggregate $885,674.62. The tenant lost on the claim for fraud. The landlords were partially successful on their claim and were awarded damages as follows: $141,549.71; $36,500.00; $18,635.08 for a total of $196,684.49. Both sides appealed. The tenant was unsuccessful. The district court's award to the landlords was affirmed. On remand, the district court awarded the landlords $152,790.70 in attorney fees and $8,179.53 in expenses. The landlords had asked for more. The lead opinion affirms this award. A member of this panel would affirm in part and dissent in part because not all three of the leases on which the landlords were successful actually provided for an award of attorney fees and expenses, a fact that the district judge may not have appreciated.

At the end of the day, the district judge awarded attorney fees and expenses of $160,970.23 on a recovery of $196,684.49. That seems to be disproportionally high. The case obviously should have been settled early on. That's litigation and litigation must end sometime. For this reason I concur in the lead opinion.

**HELENE N. WHITE, Circuit Judge, concurring in part and dissenting in part.**  The majority acknowledges that the Coral lease probably does not authorize an award of attorney fees, but concludes that the leases that undisputedly authorize fees support the full amount of the district court's award.  Because the district court awarded post-summary judgment fees on the basis of defendants' success and most of that success was attributed to recovery under the Coral lease, we cannot be confident that the court would have awarded the same fees absent its error in finding that the Coral lease authorizes the recovery of fees.  I would remand for reconsideration of that portion of the fee award.

In contrast to the other leases, the Coral lease—as well as the Dadeland and Boynton leases—provides only for recovery of "all damages incurred by reason of [Tenant's] breach or default, including all costs of retaking the Premises."  Typically, "damages" and "costs" do not include attorney fees.  *See Price v. Taylor*, 890 So. 2d 246, 251-52 (Fla. 2004) (holding that "actual or compensatory damages" does not include attorney fees and that "costs" "are not generally understood as including attorneys' fees").  Thus, the district court erred in concluding that the Coral lease authorizes the recovery of attorney fees.

Although it is reasonable to assume that the district court would have awarded the same pre-summary judgment fees because it found that all pre-summary judgment issues were inextricably intertwined, the same cannot be assumed with respect to the post-summary judgment fees.  The district court took into account the separate claims under each lease by awarding fees for litigating the rent-related issues at the bench trial based on the degree of success achieved.  However, once attorney fees were limited to the successful claims, the district court understandably did not go on to consider whether the fees should be further limited based on whether the damages were attributable to a lease with or without an attorney-fee clause,

because it erroneously determined that all of the leases contain such clauses. Because the $141,549 recovery under the Coral lease made up the vast majority of the total recovery of $196,684 for the three leases, we cannot be confident that the district court would have exercised its discretion in the same manner had it not believed that all the leases, including the Coral lease, authorized the recovery of attorney fees.

I would remand for reconsideration of the post-summary judgment fee award.