HELENE N. WHITE, Circuit Judge,
concurring in part and dissenting in part.
The majority acknowledges that the Coral lease probably does not authorize an award of attorney fees, but concludes that the leases that undisputedly authorize fees support the full amount of the district court’s award. Because the district court awarded post-summary judgment fees on the basis of defendants’ success and most of that success was attributed to recovery under the Coral lease, we cannot be confident that the court would have awarded the same fees absent its error in finding that the Coral lease authorizes the recovery of fees. I would remand for reconsideration of that portion of the fee award.
In contrast to the other leases, the Coral lease — as well as the Dadeland and Boyn-ton leases — provides only for recovery of “all damages incurred by reason of [Tenant’s] breach or default, including all costs of retaking the Premises.” Typieally, “damages” and “costs” do not include attorney fees. See Pnce v. Tyler, 890 So.2d 246, 261-52 (Fla. 2004) (holding that “actual or compensatory damages” does not include attorney fees and that “costs” “are not generally understood as including attorneys’ fees”). Thus, the district court erred in concluding that the Coral lease authorizes the recovery of attorney fees.
Although it is reasonable to assume that the district court would have awarded the same pre-summary judgment fees because it found that all pre-summary judgment issues were inextricably intertwined, the same cannot be assumed with respect to the post-summary judgment fees. The district court took into account the separate claims under each lease by awarding fees for litigating the rent-related issues at the bench trial based on the degree of success achieved. However, once attorney fees were limited to the successful claims, the district court understandably did not go on to consider whether the fees should be further limited based on whether the damages were attributable to a lease with or without an attorney-fee clause, because it erroneously determined that all of the leases contain such clauses. Because the $141,549 recovery under the Coral lease made up the vast majority of the total recovery of $196,684 for the three leases, we cannot be confident that the district court would have exercised its discretion in the same manner had it not believed that all the leases, including the Coral lease, authorized the recovery of attorney fees.
I would remand for reconsideration of the post-summary judgment fee award.